# Central of Georgia Railway Company *v.* Crane.

## *Injury to Passenger.*

(Decided July 25, 1914.   Rehearing denied November 7, 1914.
66 South. 604.)

1. *Carrier; Passengers; Announcing Station; Duty.*—A carrier's duty in announcing stations is performed if the name of the station of the passenger's destination is so announced as to give him information of the fact a reasonable time before he is to get off; the usual practice of a general announcement to be made in the car where a passenger for the station is or ought to be, if followed with due care in every respect, is sufficient.

2. *Same; Damages; Instruction.*—Where the action was by a passenger for a failure to notify her of the arrival of the train at the point of her destination, and there was evidence of such failure as well as evidence for defendant that the station signal was blown, that the porter went through the car in which plaintiff was seated,

[Central of Georgia. Railway Company v. Crane.]

and called out the station, that the conductor opened the door at the front end of the coach and called out the station, and that plaintiff was sitting near that end of the car, a charge asserting that the verdict should be for defendant if the station was called in the usual manner, was properly refused, since in view of the tendency of persons to lapse into the mechanical performance of constantly recurring duties, the jury might have found that the customary announcement, though made, was made in such a negligent manner as not to carry notice to plaintiff, and the instruction might be construed as pretermitting an inquiry as to such negligence.

3. *Evidence; Judicial Notice; Customs.*—Judicial notice will be taken of the usual practice of operators of railroad trains to give notice of the near approach of a train to a station for which it has a passenger, by causing a general announcement to be made in the car where the passenger is or ought to be.

(Mayfield, J., dissents.)

CERTIORARI to Court of Appeals.

P. A. Crane had judgment against the Central of Georgia Railway Company in the lower court, and on appeal to the Court of Appeals such judgment was reversed and the cause remanded, and she brings certiorari to review and revise the judgment and opinion of said Court of Appeals. (See *C. of Ga. Ry. Co. v. Crane,* 11 Ala. App. 249, 65 South. 866.) Certiorari granted and the judgment of the Court of Appeals reversed and remanded.

J. T. ROACH, and ARTHUR L. BROWN, for petitioner.

LONDON & FITTS, and W. S. BROWER, for respondent.

SAYRE, J.—Petitioner, plaintiff in the trial court, recovered judgment on a complaint charging, to state its effect in a very general way, that defendant had negligently failed to notify plaintiff, a passenger, of the train's arrival .at Vandiver, the station of her destination, by calling out the name of the station, or otherwise. The evidence, as the Court of Appeals states, was in conflict; that for plaintiff tending to sustain her complaint; that for defendant tending to show that the

station signal was blown for plaintiff's station; that the train porter then went through the car in which plaintiff was and called the name of the station; and that just before the train stopped there the conductor opened the door at the front end of the car and announced the station, the plaintiff at the time occupying the second seat from that end of the car. In the Court of Appeals, to which the case was taken in due course, a reversal was ordered, because the trial court refused to give certain charges requested in writing by defendant, of which the following may be stated as fairly raising the question under review:

"If you believe from the evidence that the station was called in the usual manner, then you must return a verdict for the defendant."

This court, upon due consideration, is of opinion that the charge set out above (and others of like import) did not adequately in all respects state the law of the subject involved, and might well have been refused for that reason, and hence that, according to the law and practice of this court in such cases, the reversal should not have been ordered.

In agreement with the Court of Appeals, we hold that a carrier's duty to give the notice in question is performed if the name of the station of the passenger's destination is so announced as to give him information of the fact a reasonable time before he is to get off. We are also willing to take judicial notice that the usual practice of railroad operators is to give notice of the train's near approach to a station for which it has a passenger by causing a general announcement of the fact to be made in the car where the passenger is or ought to be, and we are of opinion that this practice, when followed with due care in every respect, is all the passenger may reasonably expect in the ordi-

[Central of Georgia Railway Company v. Crane.]

nary course of events in railroad travel as we know it. These conclusions are warranted by common experience. But we are not advised that announcements of this general character are uniformly made with a due regard in all respects to the purpose they are intended to serve; that, to illustrate, they are made so audibly and distinctly as to give due and reasonable notice to the passenger. Having regard for the human tendency to lapse into the mechanical performance of constantly recurring duties which, though important, have in them little to arouse the interest of the agent to whom they are committed, and the facility of lapses from full duty in such cases, and considering the nature of the conflict developed in the evidence, it was open to the jury to avoid the imputation of wholly unwarranted statements to any of the witnesess by a finding that the customary announcement was made in a way, but that it was so negligently made as not in reason to carry notice to plaintiff, though it be assumed that she was as capable and alert as the ordinary passenger ought to be. As applicable to this hypothesis of fact, the charge failed to carry to the jury a clear and complete statement of the law involved. It seems to omit consideration of the fact that the announcement of the train's approach to plaintiff's destination may have been negligently made in some respects, though in general it was made after the usual manner of such announcements. We think the charge, to avoid a construction which would have pretermitted inquiry as to negligence in the particular case, should have contained a clear and definite hypothesis that there was no negligence in any respect in making the announcement, and hence that it was refused without error.

Reversed and remanded.

All the Justices concur, except MAYFIELD, J., who dissents.