(84 South. 474)

CENTRAL OF GEORGIA RY. CO. v. BARNITZ. (6 Div. 538.)

(Court of Appeals of Alabama. July 21, 1919. Rehearing Denied Oct. 21, 1919.)

1. TRIAL ⟨⟩252(10)—CHARGE IN ACTION FOR FAILING TO ALLOW PASSENGER TO ALIGHT HELD PROPERLY REFUSED AS ABSTRACT.

In a passenger's action for failure to permit her to alight at her destination, a charge that the conductor was under no duty to see that plaintiff had gotten off the train before giving signals to start the train *held* properly refused as being abstract.

2. TRIAL ⟨⟩253(9)—INSTRUCTION HELD PROPERLY REFUSED AS IGNORING ISSUE.

In a passenger's action against a carrier for failure to permit her to alight at her destination, a charge that before a verdict could be rendered for plaintiff the jury must be reasonably satisfied that the station was not called in a distinct and audible tone in the car in which plaintiff was riding *held* properly refused, as failing to hypothesize that the name of the station was called a reasonable time before plaintiff was to get off.

3. TRIAL ⟨⟩191(9)—CHARGE HELD PROPERLY REFUSED AS INVADING PROVINCE OF JURY.

In a passenger's action against a carrier for being carried past her destination, a charge

that the carrier's duty was fulfilled in reference to calling out the stations, when such station was called in a distinct tone of voice, in the car in which plaintiff was riding, was properly refused as assuming that the name of the station was properly called.

4. TRIAL ⟨⟩253(9)—CHARGE HELD PROPERLY REFUSED AS FAILING TO SHOW ESSENTIAL ELEMENTS.

In a passenger's action against a carrier for being carried past her destination, a charge that defendant's duty was fulfilled in reference to calling out the stations, when the said station was called in a distinct tone of voice, *held* properly refused as failing to show that the name of the station was called a reasonable time before plaintiff was to get off the train.

5. CARRIERS ⟨⟩278(2)—CHARGE ON NEGLIGENCE IN CARRYING PASSENGER BEYOND STATION HELD PROPERLY REFUSED AS MISLEADING.

In a passenger's action against a carrier for being carried past destination, a charge that defendant was under no duty to personally notify plaintiff of the arrival of the train at the station where the passenger was to get off *held* properly refused as being confusing and misleading.

6. CARRIERS ⟨⟩272—DUTY TO NOTIFY PASSENGER OF ARRIVAL AT DESTINATION STATED.

A carrier's duty to give notice of arrival at destination is performed if the name of the station is so announced as to give the passenger information of the fact a reasonable time before he is to get off.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action by Mrs. Charles Barnitz against the Central of Georgia Railway Company for damages for failure to permit her to alight at her destination. Judgment for plaintiff, and defendant appeals. Affirmed.

See, also, 198 Ala. 156, 73 South. 471.

The facts sufficiently appear from the opinion. The following charges were refused the defendant:

(2) The defendant was under no duty to personally notify the plaintiff of the arrival of the train at Childersburg.

(3) Defendant's duty was fulfilled in reference to calling out the stations, when the said station was called in a distinct tone of voice in the car in which plaintiff was riding.

(4) Before you can return a verdict for the plaintiff, you must be reasonably satisfied from all the evidence that the station was not called in a distinct and audible tone in the car in which plaintiff was riding.

(5) I charge you that the conductor was under no duty to see that the plaintiff had gotten off the train before giving signals to start the train.

London, Yancey & Brower, of Birmingham, for appellant.

Under the evidence in this case defendant was entitled to have the jury instructed as

---

requested in charges 2, 3, 4, and 5. 16 Cyc. 876; 2 Hutchinson on Carriers, § 1121; 22 Tex. Civ. App. 515, 54 S. W. 1090; 88 Ala. 538, 7 South. 119, 7 L. R. A. 323; 189 Ala. 538, 66 South. 604; 11 Ala. App. 249, 65 South. 866.

F. S. White & Sons, of Birmingham, for appellee.

There was no error in refusing the charges of the defendant. 189 Ala. 538, 66 South. 604.

BRICKEN, J. Action for damages by appellee against appellant for personal injuries. Assignments of error are based upon the action of the court in refusing to give several written charges requested by defendant.

So far as material, the facts are that appellee was a passenger on a train operated by appellant and had a ticket to Childersburg, a station on defendant's railroad. Appellee claimed, and her evidence tended to support her claim, that the train did not stop at Childersburg, that the station was not called, and that she was carried beyond to another station. The evidence for the defendant tended to show that the name of the station was called by both the porter on the train and by the conductor in the coach in which plaintiff was riding, and that it was called in a loud and audible voice before the train reached the station, and a reasonable time for plaintiff to prepare to alight, and that the train did stop at the station at Childersburg and several passengers got off.

[1] Charge 5 was abstract, and for this reason was properly refused.

[2] Charge 4 was properly refused, as it fails to hypothesize that the name of the station was called a reasonable time before plaintiff was to get off.

[3, 4] The court did not err in refusing charge 3. This charge assumes, as a fact, that the name of the station was properly called out, and was therefore invasive of the province of the jury, as that was a matter that was in dispute. Besides, it also failed to show that the name of the station was called a reasonable time before plaintiff was to get off the train.

[5] Charge 2 was confusing and misleading, and for this reason it was properly refused.

[6] The rule as to notice to be given to passengers of a station is well set forth in the opinion of the Supreme Court of Alabama in the case of Central of Georgia Ry. Co. v. Crane, 189 Ala. 538, 66 South. 604, in which the court said:

"In agreement with the Court of Appeals, we hold that a carrier's duty to give the notice in question is performed if the name of the station * * * is so announced as to give him information of the fact a reasonable time before he is to get off."

There is no error in the record, and the judgment of the lower court is affirmed.

Affirmed.