THOMAS SEVIER *v.* VICKSBURG AND MERIDIAN RAILROAD
COMPANY.

1. RAILROADS. *Passengers. Drowsiness.*
   If a man enters a car while sick, the conductor is not bound to wake him at
   his stopping place.

2. SAME. *Contract. Agent.*
   The conductor's agreement to arouse the passenger imposes no obligation on
   the railroad company.

3. SAME. *Sickness of passenger. Conductor's duty.*
   *Quære.* What is the conductor's duty, when informed of a traveler's illness
   occurring after the journey begins?

APPEAL from the Circuit Court of Hinds County.

HON. T. J. WHARTON, Judge.

The appellant's declaration in trespass on the case, to which the
appellee's demurrer was sustained, stated that the plaintiff paid his
fare from Vicksburg to Jackson, Mississippi, and the defendant
corporation, being a common carrier. between Vicksburg and Meri-
dian, promised and agreed to convey him to Jackson, which is on
the line of its railroad, "and accordingly, said plaintiff, who was
sick with fever, got on one of the defendant's cars at Vicksburg, to
be transported, and his ticket was duly taken from him by the
conductor of the train as the agent of said defendant, whereupon
said plaintiff, long before arriving at Jackson, informed the
defendant, through its said agent and conductor, that he was quite
sick with fever and wanted to sleep as he felt very drowsy, but
feared he might not awake at Jackson, where he was compelled
to leave the train; and thereupon the company through said
agent and conductor, told the plaintiff that he could safely sleep
and should be awakened by said agent and conductor when the
train arrived at Jackson, and to lie down on the seat and sleep;
and, accordingly, the plaintiff, who was very sick with violent
fever, did, relying on the defendant's promises, lie down and sleep
and gave no thought to being awake when the train should reach
Jackson, and remained sleeping and did not awake at Jackson,

and continued sick and asleep; but said defendant, disregarding its duties and obligations to plaintiff, did not awaken said plaintiff at Jackson, and transported him so asleep and continuing sick " four miles east of Jackson, and then stopped the train and let him get off at night in the woods, and he was compelled to walk back sick, late at night, at the risk of his life.

*Calhoon & Green,* for the appellant.

It is by no means certain that the conductor could not bind the company by telling a person who was not sick that he might sleep. There is nothing to advise passengers of the extent of his authority. He is the company's agent about the management of the train, and his engagements, on which passengers act, are the undertakings of the company. Railroad companies have been held bound by a ticket agent's assurance to a purchaser that he could stop over on the ticket, *Burnham* v. *Grand Trunk Railway Co.,* 63 Maine 298, by a conductor's promise to put off a passenger at a flag station, *Hurt* v. *Southern Railroad Co.,* 40 Miss. 391, by an employee's advice to step from one car to another on a moving train, *McIntyre* v. *New York Central Railroad Co.,* 37 N. Y. 287, and by promises about baggage by depot servants. *Minter* v. *Pacific Railroad Co.,* 41 Mo. 503; *Warner* v. *Burlington Railroad Co.,* 22 Iowa 166; *Quinn* v. *Power,* 87 N. Y. 535; *Treat* v. *Boston Railroad Co.,* 131 Mass. 371. But sick, aged, infirm, young or crippled persons are entitled to more consideration from carriers than well persons. *Sheridan* v. *Brooklyn Railroad Co.,* 36 N. Y. 39; *New Orleans Railroad Co.* v. *Statham,* 42 Miss. 607. Sickness enlarges the conductor's power to meet the emergency. Story on Agency, § 85. Human freight must be transported under rules adapted to its infirmities.

*Nugent & McWillie,* for the appellee.

Railroad trains are not hospitals or conductors nurses of sick people. The duties of this officer are important, public, and well known, and he has no right to encumber himself with the care of a man who is very ill and sleepy too. A person who has to be stirred in order to keep awake, should, before entering a train, provide himself with a stirrer, for he cannot, with justice to the other

passengers, impose on the conductor the duty of stirring him up. Nothing about the conductor's general employment, which is running the train and taking the tickets, could induce an observer to infer that a part of his duty was to shake sleepy men. His duty is to see that the train is stopped at each station and the name of the place called out. The human freight is expected to get up and walk out at the right place. *Wabash Railway Co.* v. *Rector,* 9 Am. & Eng. Rail. Cas. 264. The conductor cannot neglect his duties to all the passengers in order to accommodate one. He must not take the risk of inconveniencing the public, for the sake of a single passenger. *Ohio Railway Co.* v. *Hatton,* 6 Cent. L. J. 389; *Ohio Railway Co.* v. *Applewhite,* 52 Ind. 540. A ticket gives the right to the accommodation of the train only according to the usual regulations. *Lake Shore Railroad Co.* v. *Pierce,* 3 Am. & Eng. Rail. Cas. 340; *Loyd* v. *Hannibal Railroad Co.,* 53 Mo. 509; *Beauchamp* v. *International Railroad Co.,* 9 Am. & Eng. Rail. Cas. 307. A passenger has no right to ask a conductor to agree to do what is not his duty, and may cause a neglect of his business, and if the officer does agree, he does not bind the railroad company. Running a train on schedule time, making all the stops and taking all the tickets, require the officer's undivided attention. The lives of the passengers as well as their convenience in making connections and the like are in his care. And it is a violation of his obligations to the company and the public for him to fill his mind with engagements to awaken men at this and that stopping place. The points decided in the cases cited for the appellant are not analogous to this question.

CAMPBELL, C. J., delivered the opinion of the court.

It was not the duty of the conductor to arouse the appellant on the arrival of the train at Jackson by any special means applicable to his condition as being sick and drowsy. The business of the conductor was to manage the train according to the established regulations, and not to vary them for an individual. Regulations are made for the traveling public, and should be reasonable as adapted to the convenience of this public. If persons sick or

under any disability which renders them unable to conform to the reasonable regulations for the community generally are inconvenienced by this inability they have no legal cause of complaint against a carrier who undertakes to carry the public generally, according to a plan adopted to suit persons, generally, in a condition to travel, and not designed to meet the wants of those not in such condition. The obligation of the carrier was to carry the appellant safely to Jackson, and on arrival there to announce the fact, and afford an opportunity for him to leave the car. That he was asleep, and that his sleep was induced by sickness did not entitle him to special attention. It was his misfortune to be sick, and yet called on to act as a well man, being on a train run for those able to travel on cars, and conform to the regulations for their operation. One too sick or from any cause not able to do as travelers usually do in conforming to the usage in running trains for the traveling public should avoid them or secure the assistance necessary to enable them to accomplish what is required of passengers generally. Carriers are not required to adapt their methods to the circumstances of those not in condition to comply with the requirements made of travelers generally.

The agreement of the conductor to arouse the appellant at Jackson did not impose any obligation on the railroad company. The appellant was bound to know that the conductor had no authority to incur an obligation to that effect for the company, and that his duty was to the passengers generally, and not to him particularly. He must be held to have known the established usage of calling out the name of the station, and for the passenger to leave the car on its arrival at his destination, and that the promise of the conductor was his personal obligation, and was not the promise of the company, which he had no right to bind by an undertaking in behalf of one of many passengers to all of whom, respectively, the company owed the same duties.

Whether sudden illness occurring to one on board a train after going upon it, and made known to the conductor, would create such an emergency as to impose the duty on him to give such passenger needed attention and vary the course of dealing with

passengers is purposely left an open question to be decided when it arises. This case does not present it, for the averment of the declaration is that the plaintiff was sick, when he went upon the car. This being his condition, he must be held to have taken the risk of an increase of his malady to such extent as to disable him from performing the part of a traveler on the train.

*Judgment affirmed.*