Texas Midland Railroad v. Mrs. C. Terry.

Decided November 9, 1901.

1.—Carrier of Passengers—Negligence—Setting Passenger Off at Wrong Station.

Evidence in an action by a passenger for being negligently set off at the wrong station, held insufficient to warrant a verdict for plaintiff who, because of defective hearing, mistook the station when its name was properly called,—the train porter, who did not know her destination, merely assisting her to alight.

2.—Same—Passenger with Defective Hearing—Degree of Care.

Where a passenger is subject to a physical infirmity, such as hardness of hearing, it is only where this is known to carrier or its servants in charge of the train that such passenger is entitled to a greater degree of care and attention than those not so affected.

3.—Same—Charge Held Confusing.

A charge in such action, that if defendant's porter knew plaintiff's destination, and in the exercise of ordinary care assisted her to alight at her request, to find for defendant, was confusing and misleading because, as plaintiff was not injured in alighting, the qualifying clause as to the "exercise of ordinary care" by the porter might be understood as intended to charge that he was to use ordinary care in directing plaintiff to alight, which was not part of his duty.

4.—Same—Evidence—Duties of Train Porter.

As tending to support the defendant company's contention that its porter did not invite plaintiff to alight, evidence was admissible to show what were the duties of the porter, and that it was not his duty to know the destination of passengers and to inform them of their arrival there.

Error from Hunt.　Tried below before Hon. R. D. Thompson.

*Chas. W. Ogden* and *A. H. Dashiel,* for plaintiff in error.

*Robert H. Spearman* and *T. F. Ragsdale,* for defendant in error.

BOOKHOUT, Associate Justice.—Mrs. Catherine Terry, defendant in error, sued the Texas Midland Railroad in the County Court of Hunt County for the sum of $1000, alleging that she purchased a ticket at Cooper, Texas, on the 21st day of December, 1899, to Greenvile, Texas, but her place of final destination was in the country a few miles from Celeste, in Hunt County, Texas; that she had arranged for her grandson to meet her at the depot at Greenville and to put her on board the train for Celeste, and when the train arrived at Commerce, Texas, a station between Cooper and Greenville, she was negligently put off the train by the servants of plaintiff in error; that she was in a strange place among strangers, and had no place to go, and she was obliged to stay all night; that the depot was improperly heated and lighted, and in seeking a place to stay for the night she had to go out in the rain, and her clothing got damp and wet, and she was compelled to sleep in damp clothing; and when she went to Greenville the next day her grandson failed to meet her there, having expected her the day before; that she was bound to go alone to the train that was to take her to Celeste.　She alleged furthermore that she was ignorant of the country

through which she traveled; that she did not know the names of the stations, etc.; that she was made sick, suffered physical and mental anguish, etc.

The plaintiff in error, who was defendant below, excepted to so much of the pleading as alleged that she was ignorant of the country, etc., and after a general denial it pleaded: (1) Contributory negligence, (2) That the station of Commerce was distinctly announced, and could have been reasonably heard, and that the cause of her disembarking was her carelessness in listening and looking and the defect in her hearing. (3) That the plaintiff was treated kindly and politely by the employes of the defendant while at Commerce; was given a ticket from Commerce to Greenville, and that if she suffered any inconvenience and discomfort it was because she chose, voluntarily, to remain and not accept the offers for her care and comfort made by the employes of the defendant. (4) That it is the duty of the conductor and brakeman to announce the arrival at stations, and the duty of the porter, when requested by the conductor or the passengers, to assist in carrying their baggage, and that the plaintiff requested the porter to assist her at Commerce. The court overruled the special exceptions. A trial resulted in a verdict in favor of the plaintiff for the sum of $200. A motion for a new trial by the defendant was overruled, and notice of appeal given.

*Opinion.*—1. Plaintiff in error complains of the verdict of the jury as being unsupported by the evidence, in that the evidence shows that the name of the station, Commerce, was clearly and distinctly announced by the train porter, and that the reason Mrs. Terry did not hear the same was because her hearing was defective, which fact was unknown to the train porter and the conductor. Ordinarily the duty of the carrier to the passenger, in respect to giving notice of the arrival of its trains at the stations upon its line, is performed when the carrier has caused the name of the station to be distinctly and audibly announced in each car, and given those desiring to leave the train reasonable time and opportunity to alight therefrom. Hutch. on Carr., sec., 614. The uncontroverted evidence in this case shows that the name of the station, Commerce, was distinctly announced twice, by the train porter, in the car in which Mrs. Terry was riding as it approached that station. When he made the first announcement he was close to the seat in which she was sitting.

The evidence further shows that her hearing was defective, which fact was unknown to the conductor and train porter. Mrs. Terry testified "that when the porter came through the car he took up her grip and told her to sit there until the train stopped." (This statement was disputed by the porter.) She further testified, that "when the train stopped he deposited the grip on the ground, and she got off the train." She supposed that she was in Greenville, which was her destination.

It must be inferred that had Mrs. Terry not been laboring under the

disability of defective hearing she would have heard the name of the station when announced by the porter, and have known it was not the place of her destination. She knew that her destination was Greenville, and not Commerce. The porter did not know her destination. He had the right to presume that she heard the name of the station announced, and was acting upon such announcement. If she was suffering from some physical disability which increased the hazard of traveling, and this was known to the train porter, or any other of the àgents of the carrier in charge of the train, then a greater degree of care and attention was due her than to those in good health and not so afflicted. Hutch. on Carr., sec. 670.

The evidence is untroverted that neither the conductor nor any of the agents of the carrier had any knowledge of Mrs. Terry's defect of hearing. The evidence does not show that her appearance indicated any physical infirmity on her part. Her son-in-law had purchased a ticket for her at Cooper, Delta County, to Greenville, Texas, over defendant's road, and had assisted her on the train. He did not inform the conductor or any of the company's employes that her hearing was bad, or indicate that she was in need of assistance in traveling. Such being the condition of the record, the company owed her no greater duty than it was required to give to aged persons. When the company caused the name of the station to be announced clearly and distinctly in the car in which Mrs. Terry was riding, and, as disclosed by the evidence, in the immediate vicinity of where she was sitting, it performed its duty towards her. Her geting off the car was a mistake resulting from her not hearing the station announced. This mistake was the result of a disability of which the defendant had no notice. The disability did not affect her movements. She did get off the car without assistance, and was not injured in getting off. The conductor did not know that she got off at Commerce, and did not tell the porter to take her grip off the car. We conclude that, under the evidence contained in the record, the above assignment is well taken. In support of the views above announced, see Beauchamp v. Railway, 56 Texas, 249; Railway v. McCullough, 33 S. W. Rep., 285; Railway v. Miles, 20 Texas Civ. App., 570.

2. It is contended that the court erred in the following clause of the charge: "Or if the jury believes from the evidence that the defendant's porter did know plaintiff's destination, and that plaintiff requested said porter, by word or act, to assist her to alight from said train at Commerce, and that he did so assist her, and that in so doing he was in the exercise of ordinary care, then the plaintiff would not be entitled to recover, and you should find for the defendant." And again: "And that she requested the defendant's porter to assist her to alight at Commerce, and that said porter, while in the exercise of ordinary care, did assist plaintiff to alight at Commerce, then you will find for the defendant." This charge is confusing and misleading in using the qualifying words, "that in so doing he was in the exercise of ordi-

nary care." Mrs. Terry was not injured in alighting from the train. If it was intended to charge that the porter was to use ordinary care in directing her to alight, it was error, since he, having announced the name of the station in a distinct and audible voice in the car in which Mrs. Terry was riding, was not required to go further and inquire if that was the station of her destination and assist her to alight, unless she requested him to do so, or unless he knew, or it was apparent, that she was suffering from a defect of hearing.

3. Complaint is made of the action of the court in excluding the evidence of the witnesses, John Emmert and John Cooper, to prove that the duties of the porter, John Cooper, were to announce the names of the stations along the road and to assist passengers at the steps of the platform on entering and leaving the coaches, and that the porter would not know the destination of passengers unless informed by the passengers, and that it was not the duty of the porter to inform the passengers the place they were to get off, and that the porter would only take the baggage of the passenger off the train, or inform any particular passenger of the arrival of the train at any particular place, when so requested by the passenger and informed by the passenger of the place he desired to get off. This evidence was admissible. It was a circumstance tending to support the contention that the porter did not invite plaintiff to get off the train at Commerce.

We do not deem it necessary to discuss the other assignments of error in detail. No reversible error is shown in any of the assignments not discussed. The judgment will be reversed and the cause remanded.

*Reversed and remanded.*