[Brown & Flowers v. Central of Georgia Railway Company.]

# Brown & Flowers *v.* Central of Georgia Railway Company.

## *Damage for Killing Animal.*

(Decided February 12, 1914.  64 South. 581.)

1. *Railroads; Injury to Animal; Persons On or Near Track; Trespasser.*—Where plaintiff's mule team had been driven into a space, between the railroad track and a log ramp on defendant's right of way, and so close to the track that one of the team was within the sweep of an approaching train, and such mule was killed, the situation of the driver in charge of the team was strictly analogous to that of licensee; hence, he was in no better position than a trespasser, and defendant was only required to use diligence to avoid injury to the team after its actual danger was discovered.

2. *Same; Customary Use of Track; Evidence.*—Where a driver of plaintiff's team became a trespasser when he drove the team on defendant's railroad track or so near thereto that one of the team was struck and killed by an approaching train, evidence of the customary use of the track or place by travelers, was immaterial.

3. *Same; Subsequent Negligence; Pleading.*—Subsequent negligence after the actual discovery of persons or animals in a place of danger on or near defendant's railroad track was provable and recoverable under a complaint charging negligence generally.

4. *Same; Speed.*—Where the driver of plaintiff's team was a trespasser on defendant's railroad right of way when one of the team was struck and killed by an approaching train, the speed at which the train was being operated prior to the discovery of danger to the team was not negligence.

5. *Appeal and Error; Harmless Error; Evidence.*—Where the engineer and conductor testified to a rate of speed in substantial accord with an opinion proposed to be elicited from a witness, the exclusion of the opinion of such witness was not prejudicial, since the exclusion of evidence of a fact amply proved by other evidence cannot to be held to be prejudicial.

7. *Charge of Court; Ignoring Issues.*—A charge asserting that unless the jury were reasonably satisfied from the evidence that defendant's employees in charge of the train were guilty of something more than simple negligence, plaintiff could not recover, was erroneous for ignoring the issues of negligence subsequent to discovery of the danger, and in the instant case, was substantially equivalent to the general charge for defendant.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

[Brown & Flowers v. Central of Georgia Railway Company.]

Action by Brown & Flowers against the Central of Georgia Railway Company, for damages for death of a mule. Judgment for defendant and plaintiffs appeal. Reversed and remanded.

ESPEY & FARMER, for appellant. Evidence that defendant was running its train ten miles an hour at the time of the accident would tend to acquit it of negligence, and evidence that it was being run at a high rate of speed at that time would be evidence of negligence, hence, the court was in error in not permitting plaintiff to show at what rate of speed the train was running at the time witness Ward saw it.—*A. G. S. v. Guest,* 144 Ala. 373; *K. C. M. & B. v. Coker,* 95 Ala. 412; *C. of Ga. v. Starke,* 126 Ala. 365. Evidence as to the condition of the track was admissible as descriptive of the locus in quo.—*B. R. L. & P. Co. v. Fox,* 167 Ala. 284. The use of the track by the public at that point was admissible in connection with other evidence to show knowledge of the railroad employees or notice to them that the operation of the train might produce injury, and hence, as bearing on the case of wanton negligence. —*B. R. L. & P. Co. v. Fox, supra; Haley's Case,* 113 Ala. 640; *Webb's Case,* 97 Ala. 308; *A. G. S. v. Guest,* 136 Ala. 352; *H. A. B. v. Robbins,* 124 Ala. 113. The court erred in the first written charge given for defendant.—*A. G. S. v. Guest,* 144 Ala. 373; *B'ham Co. v. Williams,* 158 Ala. 381.

B. F. REID, for appellee. The court did not err in the admission or exclusion of evidence, and if it did err, the error was without injury—*Carrington v. L. & N.,* 88 Ala. 472; *C. of Ga. v. Foshee,* 125 Ala. 199; *Bowles v. Lowery,* 59 South. 696; 56 South. 63; 56 South. 817; 56 South. 1013; 57 South. 876; 60 Ala. 304. On these

authorities, it must be held that the charges given for defendant embrace well defined principles applicable to this case.

SAYRE, J.—Plaintiffs (appellants) sued for the value of a mule alleged to have been killed by the negligent operation of defendant's train. Whatever may have been the pleader's purpose in framing counts 1 and 2, and whatever the effect of those counts, demurrers to them were sustained, and the correctness of the rulings is not questioned in brief for appellants. The case was submitted to the jury on counts 3 and 4, added by amendment, and in them there was no allegation of wanton, willful, or intentional wrong. The testimony went to show that defendant's train, moving east, came upon plaintiffs' double team, going west, and drawing a wagon in a space between the railroad track and a log ramp. This ramp and its approach from the ground up extended along the railroad for 50 or 60 feet, and the space between is variously described, by one extreme of the evidence, as being about 10 feet wide or, by the other, as being so narrow that a wagon could barely drive there. The team got within the sweep of the approaching train, and the near mule was killed. This space or way along which the team was moving was in the neighborhood of, but was no part of, a public road or street. It was a part of defendant's right of way. Without conceding that defendant owed to plaintiffs with respect to their property at that place any duty to give signals of approach, it may be stated that the evidence showed, without contradiction, that the customary and statutory signals of approach to a public road crossing were given.

The situation of plaintiffs' agent, the driver in charge of the team, was strictly analogous to that of a licensee

who, by mere tolerance, walks along the track of a railroad. The decisions of this court have established the relative rights, duties, and liabilities of the respective parties in such a situation.—*S. & W. R. R. Co. v. Meadors,* 95 Ala. 137, 10 South. 141; *Southern Ry. Co. v. Stewart,* 179 Ala. 304, 60 South. 927. For all the purposes of this case, the driver was in no better position than a trespasser. If it be assumed that to use the way in its environment as a driveway for teams involved danger from passing trains, and, if the complaint be construed as charging negligence to the engineer in advance of his discovery of the team, plaintiffs' case necessarily proceeded upon the assumption that this fact was or would be shown by the evidence, and that defendant's agent in charge of the engine knew, or was in duty bound to know, then plaintiffs' agent also was bound to know the fact, and, being a trespasser in taking the team to that place, was guilty of initial contributory negligence, which conclusively answered the simple initial negligence charged in the complaint, thus leaving upon defendant no duty except to use diligence in the avoidance of injury after the danger was actually known to its agent, and upon plaintiffs the burden of proving defendant's failure therein. Upon the issue thus stated, it is plain that the customary public use of the place could have shed no light, and the court properly sustained the defendant's objection to the question which sought to elicit that circumstance. Cases of this character have been of constant recurrence here, and this is the result of our decisions. We have gone thus far in restatement, for the reason that some variation from the usual case is presented, and because cases are cited which involved the charge of wanton negligence. In cases of that kind, we have held that evidence of the frequent use of a railroad track at points near populous

cities, towns, and villages is admissible to show wantonness.—*Stewart's Case, supra.*

Negligence subsequent to the actual discovery of persons in a place of danger on or near the track is provable under a complaint charging negligence generally, and, on such proof, the plaintiff in such case may recover.—*L. & N. R. R. Co. v. Lowe,* 158 Ala. 391, 48 South. 99. It results, from what has been said above, that no rate of speed in the ordinary operation of the train between stations could be held for negligence in respect to plaintiffs' team in its situation so long as actually unknown to the engineer, and evidence of speed, without more, would have meant nothing; but, by a more or less involved process of inference, affected by many elements of the situation as it was on the ground and in the engineer's cab, the opinion of plaintiffs' witness Ward as to the speed at which the train was moving—such opinions being ordinarily competent— (*Crocker's Case,* 95 Ala. 412, 11 South. 262) may have been relevant and in some degree material, in connection with other circumstances, and by way of comparison with the speed of the same train a few moments before, as tending to show whether defendant's engineer, after discovering the danger, used proper diligence to avoid the impending contact with plaintiffs' team. The question on which this ruling arose was asked at the outset of the case, and neither by itself nor in connection with anything else then appearing afforded a basis of comparison between the speed of the train at the very time of the accident and its speed when it first came into view of the witnesses, and perhaps, to put the court in error, the facts to be subsequently developed and which would make this opinion relevant to plaintiffs' case should have been stated to the court by the proponent; but, be that as it may, such mere opinions,

especially when they come from witnesses without particular experience in the matter of observing and measuring speed, as was the case here, are unsatisfactory and inconclusive, however candidly and confidently expressed, and our judgment in this particular instance is that the admission of this particular piece of opinion evidence could not have had any appreciable effect in turning the jury away from the conclusion expressed by their verdict, and so that its exclusion was not reversible error, for the fact is that other witnesses, including defendant's engineer and conductor in charge of the train, testified to a rate of speed in substantial accord with the opinion plaintiffs proposed to elicit from this witness.

Nor are we able to see how the court's refusal to allow the witness Brown to testify that there were logs on the ramp operated to the prejudice of plaintiffs. While it was doubtless admissible for either party to prove this fact as an element of the situation which the jury were to consider, it so happened that, except for the objection and exception here in question, neither the fact itself nor its legal relevancy were put in issue, and the fact itself was abundantly proved without dispute by testimony offered by both parties. There seems to have been some difference as to whether the logs on the ramp may not have extended somewhat over the space between it and the railroad track, thus narrowing that space and adding to the danger of plaintiffs' team, but the question as framed did not touch upon that point.

Coming now to the special charges given at the request of defendant, we find that some of them proceeded upon the idea that, as matter of law, on undisputed facts defendant was not liable, unless its engineer was guilty of willful or wanton wrong after discovering the

situation of plaintiffs' team. One of them, the second, appeared in its latter end to authorize a finding as to willful or wanton wrong, though the complaint contained no such charge, and, so far as we are able to see, the evidence did not support it. But of that the appellant cannot complain. In its introductory sentence this charge instructed the jury that there could be no recovery, unless the jury was reasonably satisfied from the evidence that defendant's employees in charge of the train were guilty of something more than simple negligence. This was a charge on the effect of the evidence, ignored the issue as to negligence subsequent to discovery, and was substantially the general charge for defendant. And defendant (appellee) argues that it was entitled to the general charge. It may be conceded that the great weight of the evidence was on the side of defendant, but we hardly feel able to say that there was no room for an inference of subsequent negligence. Under our procedure, that issue, having support in the evidence, should have been submitted to the jury. Some of the charges ignored this aspect of the case, and should have been refused. We apprehend there is no necessity for a further statement of the debatable issues in the case. The charges on the subject of wanton or willful injury were mere abstractions, and had no proper office in the trial.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.