(82 South. 452)

GRAVES v. CRUSE–CRAWFORD MFG. CO.
(6 Div. 834.)

(Supreme Court of Alabama.   June 19, 1919.)

1. EVIDENCE ⬧⟝208(2)—PLEADINGS IN OTH-
ER CASES NOT BROUGHT TO PERSONAL NO-
TICE OF PARTY—COMPETENCY.

Pleadings in other cases which are signed
and filed by counsel without apparently being
brought to the personal notice of the party are
not evidence against him, except as to state-
ments shown to have been inserted by his di-
rection.

2. EVIDENCE ⬧⟝208(2) — ADMISSIONS — COM-
PLAINT BY PLAINTIFF IN ANOTHER ACTION.

In an action for permanent personal inju-
ries, a complaint in another case in which plain-
tiff sought damages for his mere expulsion from
a street car is irrelevant as evidence against
him.

Appeal from Circuit Court, Jefferson Coun-
ty; John C. Pugh, Judge.

Action by Richard Graves against the
Cruse-Crawford Manufacturing Company, for
damages for personal injuries.   Judgment
for defendant, and plaintiff appeals.   Re-
versed and remanded.

Plaintiff sues for injuries received while
walking along a public alley in the city of
Birmingham as the result of falling over a
pile of iron placed there by the defendant.
The complaint claims as upon simple negli-
gence and wanton or willful injury, and
charges that "plaintiff's right leg was severe-
ly and seriously wrenched and bruised and
his right ankle was fractured and sprained,
* * * permanently injuring plaintiff and
permanently rendering him less able to earn
a livelihood."   The defense was the general
issue and several pleas of contributory neg-
ligence.   On cross-examination the defend-
ant was permitted, over plaintiff's objec-
tion, to ask the defendant when he sued J.
C. Long; when he sued Catanzano Bros.; and
when he sued the Birmingham Railway,
Light & Power Company.   In permitting
these questions and the answers thereto the
trial judge stated that they were admitted
subject to being connected up by showing
that these were suits for the same injury
now sued for.   Later on defendant was per-
mitted over plaintiff's objection to read in
evidence the complaint filed by the plaintiff
in a suit against Catanzano Bros. in Novem-
ber, 1914, claiming damages for being knocked
down by defendant's motorcar and injured
as to his hips, back, stomach, and other
organs, and alleging that he was thereby per-
manently injured; also to read in evidence
the complaint filed by this company in a suit
against J. C. Long in 1913, alleging that he
was lacerated, torn, bruised, and otherwise

injured by a wire negligently left near the
sidewalk by the defendant, and claimed that
he was thereby permanently injured.   The
trial court stated that these complaints were
admitted in the evidence to show the physi-
cal condition of plaintiff, and were pertinent
only as to the measures of damages in this
case.

Denson & Ivey, of Birmingham, for appel-
lant.
Whitaker & Nesbit, of Birmingham, for ap-
pellee.

SOMERVILLE, J. [1] We think the trial
court erred in allowing defendant to show
that plaintiff had previously and severally
sued three other parties for alleged personal
injuries, and in allowing the complaints in
two of those cases to be read to the jury.

1. Pleadings in other cases, which are
signed and filed by counsel, without appar-
ently being brought to the personal notice
of the party, are not evidence against him.
They may be used as admissions of the facts
recited therein, "if the pleadings are shown
to have been drawn by the express direction
of the party in whose behalf they are filed,
and any statements of fact therein contained
to have been inserted by his direction or with
his assent."   1 Greenl. on Ev. (16th Ed.) p.
313; State v. Atlantic Coast Line R. R. Co.,
202 Ala. 558, 81 South. 60.

It is obvious that the complaints in ques-
tion are the work of counsel, and run in the
familiar formulas of damage suit nomen-
clature.   Their well-worn phrases are found
in practically all complaints for personal in-
juries, and the allegation of permanent in-
jury is added by counsel as a matter of
course, de bene esse.   There is nothing in
the evidence to fasten the allegations of
these complaints upon the plaintiff as his
personal admissions of facts.

2. But, in any case, the injuries recited in
those complaints have no bearing upon the
specific and limited injury for which this
suit is brought.   If plaintiff had been in-
jured as there claimed, it could have had no
logical tendency to lessen the injury here
shown, or to mitigate its consequences.

[2] 3. No complaint was read showing
what plaintiff claimed in the suit against the
street railway company, and it does not ap-
pear that he was injured at all, except by
his mere expulsion from a car for want of a
ticket.   The fact and circumstances of such
a suit were utterly irrelevant to the issues
of this case, and should have been excluded.

That the introduction of these matters in
evidence was seriously prejudicial to plain-
tiff cannot be doubted, and their erroneous
admission must work a reversal of the judg-
ment.

We think the demurrers to the several

pleas of contributory negligence were properly overruled.

Other assignments of error need not be noticed.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.