## CENTRAL OF GEORGIA RY. CO. v. SMITH.
### (6 Div. 992.)

Supreme Court of Alabama. May 10, 1928.

1. **Carriers ⬤⟲271—Generally, carrier's duty is discharged by carrying passenger safely to contract destination on time, after giving reasonable notice it has reached destination and stopping at destination.**

As general rule, carrier's duty is fully discharged when it carries passenger safely to contract destination on time, and after giving reasonable notice that it has reached such destination, stops at fixed place for passengers to disembark and remains standing for sufficient length of time for them to safely alight.

2. **Carriers ⬤⟲271—Generally, carrier meets duty to give passenger reasonable notice of reaching destination by announcing arrival of train in distinct manner in each car.**

General rule is that carrier meets duty in respect to giving reasonable notice of arrival at destination by announcing arrival of train at each station in distinct and audible manner in each car, so that it may be heard by all passengers alert to duty imposed upon them, and by stopping sufficient length of time to allow passengers exercising reasonable care for their own safety to get off without danger or injury to their person.

3. **Carriers ⬤⟲271—Exceptional circumstances may require carrier to give passenger personal notice that station has been reached.**

Exceptional circumstances in respect to age, sex, or physical infirmity of passenger and notice of such condition, brought home to agent in charge of carrier's vehicle, may impose duty to give passenger personal notice that particular station has been reached.

4. **Carriers ⬤⟲272—Where passenger became exhausted because trains were late, carrier had duty through "conductor," promising to wake passenger at destination, to use reasonable precaution to make journey comfortable.**

Where car on which passenger was traveling was 12 hours late, so that she became exhausted after becoming a passenger, of which conductor had notice, it was duty of carrier

through its train conductor, who was not mere servant or agent, but was vice principal, and who promised to wake passenger at her destination, to use all reasonable precaution suggested to human judgment and foresight to make passenger's journey safe and comfortable (citing Words and Phrases, Second Series, "Conductor").

5. **Carriers** ⊚⟹**271, 278(1)—Carrier was liable if conductor promised to wake passenger, exhausted because trains were later, and failed, and case was properly submitted to jury.**

Carrier was liable if conductor made promise to passenger, who had became exhausted after becoming passenger because car in which she was traveling was 12 hours late, to give her personal notice of arrival of train at destination and passenger relied on such promise and conductor failed to notify her and she was carried beyond her destination, and case was properly submitted to jury.

6. **Carriers** ⊚⟹**278(2)—Instruction that conductor's promise to awaken passenger at destination was not binding on carrier held properly refused.**

In action by passenger for damages for negligently carrying her beyond her destination, instruction that if jury were reasonably satisfied from evidence that conductor promised to awaken passenger at her destination, that such promise was not binding on carrier, *held* properly refused.

7. **Carriers** ⊚⟹**278(2)—Instruction that carrier was not under duty to awaken passenger when train arrived at destination if proper notice of station was given held properly refused.**

In action for damages for negligently carrying plaintiff as passenger beyond her destination, instruction that defendant carrier was not under duty to awaken plaintiff when train arrived at destination if reasonable and proper notice of station was given *held* properly refused.

8. **Carriers** ⊚⟹**278(2)—Instruction that if passenger's destination was called in customary manner and passengers had reasonable opportunity to alight, passenger carried beyond destination could not recover, held properly refused.**

In action against railroad company for damages for negligently carrying plaintiff as passenger beyond her destination, instruction that if jury were reasonably satisfied from evidence that plaintiff's destination was called in coach where she was and was called in reasonable and customary manner and time and that reasonable opportunity was given for passengers to alight, jury must find for defendant, *held* properly refused.

9. **Carriers** ⊚⟹**278(2)—Instruction that under evidence conductor had no authority to bind carrier by promise to awaken passenger at destination held properly refused.**

In action against carrier for damages for negligently carrying plaintiff as passenger beyond her destination, instruction that if jury believed evidence defendant's conductor had

no authority to bind defendant by promising to awaken plaintiff at destination, *held* properly refused.

10. **Carriers** ⊚⟹**276(2)—In action by passenger for negligently carrying her beyond destination, court properly refused to exclude evidence that she told conductor she was exhausted and conductor said he would look after her.**

In action against carrier for damages for negligently carrying plaintiff as passenger beyond her destination, motion to exclude evidence by plaintiff that she told conductor that she had not slept for hours and was in perfectly exhausted condition and did not know what might happen to her, that she might fall asleep or faint, and that conductor said he would look after her, *held* properly overruled.

11. **Appeal and error** ⊚⟹**1066—Judgment will not be reversed for giving of abstract instructions.**

In action for damages for negligently carrying plaintiff as passenger beyond her destination, judgment for plaintiff will not be reversed for giving of abstract instructions dealing with duties of servants or agents of carrier to aid passenger, who was physically sick or incapacitated, to alight from train at passenger's destination.

12. **Carriers** ⊚⟹**277(6)—$1,250 damages for carrying train passenger beyond her destination held excessive by $500.**

$1,250 damages for carrier's negligently carrying train passenger beyond her destination *held* excessive by $500.

Appeal from Circuit Court, Jefferson County; Richard V. Evans, Judge.

Action by Nettie D. Smith against the Central of Georgia Railway Company, for damages for negligently carrying plaintiff, as a passenger, beyond her destination. From a judgment for plaintiff for $1,250, defendant appeals. Affirmed conditionally.

The charges refused to defendant, and made the basis of assignments 5, 6, 10, and 11, are as follows:

"If you are reasonably satisfied from the evidence that the conductor promised to awaken the plaintiff at Birmingham, I charge you that such promise is not binding upon this defendant."

"The defendant was not under any duty, in this case, to awaken the plaintiff when the train arrived at Birmingham, if you are reasonably satisfied that reasonable and proper notice of the station was given."

"If you are reasonably satisfied from the evidence that the plaintiff's destination was called in the coach where she was and called in a reasonable and customary manner and time, and that reasonable opportunity was given for passengers to alight, you must find for the defendant."

"If you believe the evidence, the defendant's conductor had no authority to bind the defendant by any promise to awaken the plaintiff at Birmingham."

⊚⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes.

Plaintiff, as a witness, testified that she told the conductor she had not slept for hours and was in a perfectly exhausted condition and did not know what might happen to her, that she might fall asleep or faint, and that the conductor "said he would look out after me (her)." Defendant moved to exclude the quoted statement, and the overruling of this motion is made the basis of assignment 12.

Nesbit & Sadler, of Birmingham, for appellant.

No obligation rests upon a carrier to arouse a sleeping passenger and see that he gets off at his destination. 4 R. C. L. 1086; 10 C. J. 830; Hutchinson on Car. § 1121. A promise by the conductor to waken the passenger is a personal undertaking. 4 R. C. L. 1087: Southern R. Co. v. Kendrick, 40 Miss. 374, 90 Am. Dec. 332; N. O. R. Co. v. Statham, 42 Miss. 607, 97 Am. Dec. 478; Nunn v. Ga. R. Co., 71 Ga. 710, 51 Am. Rep. 284; Sevier v. Vicksburg R. Co., 61 Miss. 8, 48 Am. Rep. 74; Mo. R. Co. v. Kendrick (Tex. Civ. App.) 32 S. W. 42; S. A. L. v. Rainey, 122 Ga. 307, 50 S. E. 88, 106 Am. St. Rep. 134, 2 Ann. Cas. 675; Hill v. New, 88 Okl. 208, 212 P. 422; Nichols v. Chicago R. Co., 90 Mich. 203, 51 N. W. 364; St. L. R. Co. v. McCullough (Tex. Civ. App.) 33 S. W. 285; Texas R. Co. v. Alexander (Tex. Civ. App.) 30 S. W. 1113. The verdict was excessive.

Black & Fort and G. Ernest Jones, all of Birmingham, for appellee.

Counsel discuss the questions raised and treated, citing C. of Ga. v. Barnitz, 17 Ala. App. 201, 84 So. 474; C. of Ga. v. Crane, 189 Ala. 538, 66 So. 604; L. & N. v. Quick, 125 Ala. 553, 28 So. 14; Southern R. Co. v. Herron, 12 Ala. App. 415, 68 So. 551; Gilkerson v. Atlantic Coast Line R. Co., 99 S. C. 426, 83 S. E. 592, L. R. A. 1915C, 664, Ann. Cas. 1916B, 248; 10 C. J. 830, 1273; N. C. & St. L. v. Campbell, 212 Ala. 27, 101 So. 615; St. Louis Southwestern R. Co. of Texas v. Franks, 52 Tex. Civ. App. 614, 114 S. W. 874.

BROWN, J. [1] The carrier's duty, as a general rule, is fully discharged when it carries the passenger safely to the contract destination on time, and, after, giving reasonable notice that it has reached such destination, stops at the fixed place for passengers to disembark and remains standing a sufficient length of time for them to safely alight. Central of Ga. Ry. Co. v. Barnitz, 198 Ala. 156, 73 So. 471; Smith v. Ga. Pac. Ry. Co., 88 Ala. 538, 7 So. 119, 7 L. R. A. 323, 16 Am. St. Rep. 63; Richmond & Danville R. R. Co. v. Smith, 92 Ala. 237, 9 So. 223; Ala. City G. & A. Ry. Co. v. Cox, 173 Ala. 629, 55 So. 909; Southern Ry. Co. v. Herron, 12 Ala. App. 415, 68 So. 551; 2 Hutch. on Carriers, § 1121.

[2] The general consensus of judicial opinion seems to be that, if the carrier announces the arrival of the train at each station or fixed place provided for passengers to leave the train, in a distinct and audible manner in each car, so that it may be heard by all passengers alert to the duty imposed upon them, and stops a sufficient length of time to allow passengers exercising reasonable care for their own safety to get off, without danger or injury to their person, this meets its full duty in respect to giving reasonable notice. Central of Georgia Ry. Co. v. Crane, 189 Ala. 538, 66 So. 604; 2 Hutch. on Carriers, § 1121.

[3] And while, as a general rule, the carrier is under no duty to give a passenger personal notice that their particular station has been reached, and a promise by the conductor of the train to notify a passenger personally of the arrival of the train is not binding on the carrier, yet exceptional circumstances in respect to the age, sex, or physical infirmity of the passenger, and notice of such condition brought home to the agent in charge of the carrier's vehicle, may impose this duty and bring it within the scope of the carrier's duty. 2 Hutch. on Carriers, § 1121; 4 R. C. L. 1086, § 537; Hanson v. Chicago, R. I. & P. R. R. Co., 83 Kan. 553, 112 P. 152; 31 L. R. A. (N. S.) 624; Texas Mid. R. Co. v. Terry, 27 Tex. Civ. App. 341, 65 S. W. 697; Weightman v. Louisville, N. O. & Tex. R. Co., 70 Miss. 563, 12 So. 586, 19 L. R. A. 671, 35 Am. St. Rep. 660; Gilkerson v. Atlantic C. L. R. Co., 99 S. C. 426, 83 S. E. 592, L. R. A. 1915C, 664, Ann. Cas. 1916B, 248.

Appellee's contention on the trial was that the facts of the case, if the plaintiff's testimony was believed, bring it within the exception to the general rule, above stated, that the circumstances surrounding the parties, from this point of view, imposed on the carrier the duty to give plaintiff personal notice. The court so ruled and submitted the case to the jury.

On the other hand, the appellant's contention was, conceding that the conductor promised to give the plaintiff personal notice of the arrival of the train at her destination, it was a mere personal obligation of the conductor, not within the scope of his authority as an agent of the defendant, and that its breach imposed no liability on the defendant. In line with this contention defendant made objections to the plaintiff's evidence tending to show such promise was made, accompanied by motion to exclude, and requested appropriate special instructions to the jury asserting this theory. The objections to the evidence and motion to exclude were overruled and the instructions refused, and these rulings are made the basis of the several assignments of error argued.

The question has been presented and treated in other jurisdictions, and the decisions in line with appellant's contention are Nunn v. Ga. R. R. Co., 71 Ga. 710, 51 Am. Rep. 284; Sevier v. Vicksburg R. R. Co., 61 Miss. 8, 48 Am. Rep. 74; M., K. & T. Ry. Co. v. Kendrick

(Tex. Civ. App.) 32 S. W. 42; Tex. & Pac. Ry. Co. v. Alexander (Tex. Civ. App.) 30 S. W. 1113, and probably others.

In other jurisdictions the courts have taken a different view. Nelson, Adm'r, v. Chicago Northwestern R. Co., 130 Wis. 214, 109 N. W. 933; Gilkerson v. A. C. L. R. R. Co., 99 S. C. 426, 83 S. E. 592, L. R. A. 1915C, 664, Ann. Cas. 1916B, 248; Chicago, R. I. & T. R. Co. v. Bayles, 11 Tex. Civ. App. 522, 33 S. W. 247; Bass v. Cleveland, C. C. & St. L. R. Co., 142 Mich. 177, 105 N. W. 151, 2 L. R. A. (N. S.) 875, 7 Ann. Cas. 718.

In Louisville & Nashville R. R. Co. v. Quick, 125 Ala. 564, 28 So. 14, this court approved instructions to the jury to the effect that the passenger, an old and infirm woman, had the right to rely upon the promise of the conductor to give her personal notice of the arrival of the train at her destination, and that if the trainman failed to give such notice, the defendant was liable.

We notice especially the cases urged by appellant to sustain its contention. In Nunn v. Georgia R. R. Co., supra, the passenger was a commuter, holding a season ticket on which he made daily trips to and from his home to his work; and, to state the case in the language of the opinion in that case:

"This was a drowsy man, traveling a distance of ten miles; he made no contract with the company to have him aroused, in case he should be asleep when he reached his destination; he relied upon the courtesy of the conductor to do him this kind office, as it seems he had on previous occasions done for him, and perhaps for some others."

The court, in concluding the opinion, observed:

"How far a custom upon the part of conductors, known, or which may be presumed to be known to the company, to assist unattended females, or children, or infirm persons, will modify these rules, we do not now decide."

In M., K. & T. Ry. Co. v. Kendrick, supra, the appellee's wife purchased a ticket at Gainsville, Tex., entitling her to be carried to Emory, and became a passenger on a train necessitating a change of cars at Whitesboro. "After the train left Gainsville, the conductor promised appellee's wife, who had lost much sleep with a sick child, that, if she went to sleep, he would awake her at Whitesboro, where it was necessary for her to change cars; that said conductor neglected to awake her, and, in consequence of such neglect, she and her children were carried by Whitesboro, and, against her protest, put off at Collinsville, where she was neglected and badly treated by appellant's local agent and a crowd of men and boys at the depot; that she remained at Collinsville several hours, and took a north-bound train for Denison, where she arrived at about 6 o'clock, and was compelled to spend the night, and did not reach her destination until the next day." Lia-

bility in that case was denied on the ground of contributory negligence, and also on the ground that the conductor's promise under these circumstances imposed no obligation on the carrier; but the opinion states that "exceptional circumstances might, however, impose the duty."

In the case of Sevier v. Vicksburg R. R. Co., supra, the conductor had promised to awaken a sick passenger who had boarded the train while sick, without the knowledge of the carrier's servants or agents, and there it was said:

"It was not the duty of the conductor to arouse the appellant on the arrival of the train at Jackson by any special means applicable to his condition as being sick and drowsy. The business of the conductor was to manage the train according to the established regulations, and not to vary them for an individual. Regulations are made for the traveling public, and should be reasonable as adapted to the convenience of this public. If persons sick or under any disability which renders them unable to conform to the reasonable regulations for the community generally are inconvenienced by this inability they have no legal cause of complaint against a carrier who undertakes to carry the public generally, according to a plan adopted to suit persons, generally in a condition to travel, and not designed to meet the wants of those not in such condition. The obligation of the carrier was to carry the appellant safely to Jackson, and on arrival there to announce the fact, and afford an opportunity for him to leave the car. That he was asleep, and that his sleep was induced by sickness did not entitle him to special attention. * * * The agreement of the conductor to arouse the appellant at Jackson did not impose any obligation on the railroad company. The appellant was bound to know that the conductor had no authority to incur an obligation to that effect for the company, and that his duty was to the passengers generally, and not to him particularly. He must be held to have known the established usage of calling out the name of the station, and for the passenger to leave the car on its arrival at his destination, and that the promise of the conductor was his personal obligation, and was not the promise of the company, which he had no right to bind by an undertaking in behalf of one of many passengers to all of whom, respectively, the company owed the same duties. *Whether sudden illness occurring to one on board a train after going upon it, and made known to the conductor, would create such an emergency as to impose the duty on him to give such passenger needed attention and vary the course of dealing with passengers is purposely left an open question to be decided when it arises.*" (Italics supplied.)

In the case of Weightman v. Louisville, New Orleans & Tex. Ry. Co., 70 Miss. 563, 12 So. 586, 19 L. R. A. 671, 35 Am. St. Rep. 660, later decided, where a sick passenger entered the train with the consent of the ticket agent and the conductor, the same court sustained liability predicated on the promise of the conductor to give personal notice and aid to the passenger to get off at his destination.

In St. Louis S. W. Ry. Co. v. McCullough (Tex. Civ. App.) 33 S. W. 285, a woman passenger traveling in a day coach held a ticket requiring a change of cars in the daytime, and, not suffering from any sort of disability, was carried beyond the station where the change was to be made, was denied a recovery on the ground of contributory negligence, and, under the facts of that case, the court held that the promise of the conductor to give the passenger personal notice imposed no obligation on the carrier.

So far as appears in the cases cited by appellant, and specially noticed above, the train was being operated on schedule time, and there was an absence of any default on the part of the carrier that in any way contributed to the drowsiness or physical infirmity of the passenger, while in this case the carrier was in default in failing to put the passenger down at the contract destination on time; the car in which the plaintiff was traveling was 12 hours late, and though this condition may have developed through causes beyond control of the defendant, or on the line of the connecting carrier, it was a common burden resulting from the joint traffic arrangement, and for which the plaintiff in this case was in no way chargeable. She had remained awake and alert to the duty of taking notice of the usual call of stations long past the time her train was due to arrive at her destination, and through stress of circumstances and the train's delay, as her evidence tended to show, her physical endurance had been taxed to sheer exhaustion, an infirmity developing after she became a passenger, and of this, according to plaintiff's testimony, the conductor of the train had notice.

[4] In these circumstances it was a duty resting upon the carrier, "to use all such reasonable precautions" suggested to "human judgment and foresight * * * to make his passenger's journey safe and comfortable." Seaboard Air Line Ry. Co. v. Mobley, 194 Ala. 211, 69 So. 614; Hines, Director Gen., v. Miniard, 204 Ala. 514, 86 So. 23, 12 A. L. R. 238. The discharge of this duty, in a large measure, had been committed by the carrier to its train conductor, not a mere servant or agent, but a vice principal and pro hac vice, its alter ego. Chicago, Milwaukee & St. Paul Ry. Co. v. Ross, 112 U. S. 377, 5 S. Ct. 184, 28 L. Ed. 787; Tabor v. St. L. I. M. & S. Ry. Co., 210 Mo. 385, 109 S. W. 764, 124 Am. St. Rep. 728; A. G. S. R. R. Co. v. Baldwin, 113 Tenn. 409, 82 S. W. 487, 67 L. R. A. 340, 3

Ann. Cas. 916; 1 Words and Phrases, Second Series, 878; Alabama G. S. R. R. Co. v. Vail, 142 Ala. 134, 38 So. 124, 110 Am. St. Rep. 23; Dye v. Va. Mid. R. Co. 9 Mackey (20 D. C.) 63.

[5] Therefore, if the conductor in this case undertook, by making a promise to give the passenger personal notice of the arrival of the train, to meet the exigencies of the situation as presented to him, in discharge of the duty resting upon the defendant to conserve the comfort and convenience of the passenger, we see no reason to hold that he was not acting within the scope of his authority. And if the passenger relied on such promise and was thereby lulled into relaxing her alertness to take notice of the usual call of stations to her injury, we can discover no reason why the carrier should not be held liable for such damages as proximately flowed from the failure of the conductor to give the passenger notice according to such promise. We therefore hold that the facts of this case, viewed in the light most favorable to the plaintiff, brings it within the exception to the general rule heretofore stated, necessitating a submission of the case to the jury.

[6-11] The affirmative charge, as well as the special charges made the basis of assignments of error 5, 6, 10, and 11, were refused without error; and the motion to exclude the statement embodied in assignment 12 was properly overruled. The excerpt from the oral charge of the court, made the basis of assignment 14, deals with the duty of the servants or agents of the carrier to aid a passenger who is physically sick or incapacitated to alight from the train at the passenger's destination, and, while it asserts a correct proposition of law (Southern Ry. Co. v. Laxson [Ala. App.] 114 So. 290), it is abstract, and the court will not be reversed for the giving of abstract instructions.

[12] After a full review of the evidence, the opinion prevails that the damages awarded are excessive, and it is the order and judgment of the court that the judgment of the circuit court be affirmed, upon the condition that the appellee consent to reduce the damages to $750 within 30 days from this date; otherwise that the judgment of the circuit court stands reversed and the cause remanded for failure of the circuit court to grant the motion for new trial.

Affirmed conditionally.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.