25 So.2d 725

### SORRELL v. LINDSEY et al.
### I Div. 255.

Supreme Court of Alabama.
April 18, 1946.

Beebe & Hall, of Bay Minette, for appellant.

J. B. Blackburn, of Bay Minette, for appellees.

LAWSON, Justice.

The appellant, plaintiff below, brought suit against appellees, defendants below, to recover damages for personal injuries.

There were verdict and judgment for defendants. Thereafter, the plaintiff filed a motion to set aside the verdict and grant new trial. This motion was overruled by the trial court.

█ The only assignment of error on this appeal is the refusal of the trial court to set aside the verdict of the jury and to grant the plaintiff a new trial on the ground that the verdict was contrary to the evidence. Therefore, the only question to be here decided is whether or not, after allowing all reasonable presumptions of the correctness of the verdict, the preponderance of the evidence against the verdict is so decided as to clearly convince us that it is wrong and unjust. Cobb v. Malone and Collins, 92 Ala. 630, 9 So. 738.

█ We deem it unnecessary to discuss the testimony, but after a careful and painstaking review of it, we are not persuaded

in view of the familiar rule announced in Cobb v. Malone and Collins, supra, that a reversal should be rested upon this action of the court. The evidence was in conflict as to how the injury occurred. There was evidence which, if believed, authorized the verdict which was rendered. The trial judge had the witnesses before him and had the advantage of observing their manner and demeanor on the stand. We cannot affirm that the preponderance of the evidence against the verdict is so decided as to clearly convince us that it is wrong and unjust. Bell v. Nichols et al., 245 Ala. 274, 16 So.2d 799; Southern R. Co. v. Kirsch, 150 Ala. 659, 43 So. 796.

The judgment of the lower court is affirmed.

Affirmed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.