100 So.2d 684

**Catherine M. COLE**

v.

**LOUISVILLE & NASHVILLE RAILROAD COMPANY.**

**6 Div. 162.**

Supreme Court of Alabama.

Oct. 31, 1957.

Rehearing Denied March 6, 1958.

M. B. Grace, Birmingham, for appellant.

SIMPSON, Justice.

Catherine M. Cole brought suit against the Louisville & Nashville Railroad Co. for alleged negligence in failing to give her notice of the arrival of the train at her destination in Mobile. From an adverse judgment she brings this appeal.

The evidence for the plaintiff showed: She purchased a ticket from defendant railroad in Birmingham. Her destination was Mobile. When she boarded the train at Birmingham, she told the conductor that she had been ill and had not been to Mobile in twenty-one years. The conductor promised her that if she was asleep he would arouse her when she arrived in Mobile. Likewise a porter, who was with the conductor, promised to get the appellant off the train when it arrived in Mobile. At the time the train arrived in Mobile, the appellant was asleep and she was carried on to Pascagoula, Mississippi. At Pascagoula she was put off the train and given return passage to Mobile. After waiting for a while in Pascagoula the appellant took her luggage which was two heavy bags, and went to the bus depot and returned to Mobile. The appellant claims she was made sick because of the inconvenience

Gibson & Gibson, Birmingham, for appellee.

and worry and that her heart was adversely affected.

The appellee presented evidence going to show that no agreement was made with the conductor or the porter; that all unusual events, such as claimed by the appellant, were recorded in the train log, and no reference to appellant was made therein; and that prior to the arrival of the train in Mobile, sufficient notice of arrival was given to all passengers.

· The appellant argues for error in the refusal of the trial judge to give certain requested written charges; the error of the trial judge in admitting certain pleadings in evidence; certain rulings on evidence; and that the verdict was against the great preponderance of the evidence.

■ The rule of liability applicable to this case is stated in Central of Georgia Railway Co. v. Smith, 217 Ala. 501, 503 et seq., 117 So. 74, 76, 58 A.L.R. 1058, to wit:

"The carrier's duty, as a general rule, is fully discharged when it carries the passenger safely to the contract destination on time, and, after giving reasonable notice that it has reached such destination, stops at the fixed place for passengers to disembark and remains standing a sufficient length of time for them to safely alight. * * *

"The general consensus of judicial opinion seems to be that, if the carrier announces the arrival of the train at each station or fixed place provided for passengers to leave the train, in a distinct and audible manner in each car, so that it may be heard by all passengers alert to the duty imposed upon them, and stops a sufficient length of time to allow passengers exercising reasonable care for their own safety to get off, without danger or injury to their person, this meets its full duty in respect to giving reasonable notice. * * *

"And while, as a general rule, the carrier is under no duty to give a passenger personal notice that their particular station has been reached, and a promise by the conductor of the train to notify a passenger personally of the arrival of the train is not binding on the carrier, yet exceptional circumstances in respect to the age, sex, or physical infirmity of the passenger, and notice of such condition brought home to the agent in charge of the carrier's vehicle, may impose this duty and bring it within the scope of the carrier's duty. * * *

"In these circumstances it was a duty resting upon the carrier, 'to use all such reasonable precautions' suggested to 'human judgment and foresight * * * to make his passenger's journey safe and comfortable.' * * * The discharge of this duty, in a large measure, had been committed by the carrier to its train conductor, not a mere servant or agent, but a vice principal and pro hac vice, its alter ego. * * *

"Therefore, if the conductor in this case undertook, by making a promise to give the passenger personal notice of the arrival of the train, to meet the exigencies of the situation as presented to him, in discharge of the duty resting upon the defendant to conserve the comfort and convenience of the passenger, we see no reason to hold that he was not acting within the scope of his authority. And if the passenger relied on such promise and was thereby lulled into relaxing her alertness to take notice of the usual call of stations to her injury, we can discover no reason why the carrier should not be held liable for such damages as proximately flowed from the failure of the conductor to give the passenger notice according to such promise. We therefore hold that the facts of this case, viewed in the light most favorable to the plaintiff, bring it within the exception to the general rule heretofore stated, necessitating a submission of the case to the jury."

■ It is the contention of the appellant that the court did not correctly state the applicable law in his oral charge and that the requested written charges should have been given, not only to clarify the oral charge, but also because the pertinent rule was better stated in the requested written charges. The contention cannot be sustained. The court's general oral charge covered substantially the applicable rules embraced in the charges which were refused. Code of 1940, Title 7, § 273.

■ Next, it is argued by the appellant that the trial court erred in admitting in evidence the original complaint. McElroy's "Law of Evidence of Alabama", §§ 181–186, p. 64, states the rule governing such admission:

"As a general proposition, pleadings that have been filed in behalf of a party in another cause or in the present cause, are admissible against him as admissions in the present cause if * * it be first shown that they were drawn under his direction or with his assent ([Birmingham Elec. Co. v. Wood] 222 Ala. 103, 130 So. 786; [State v. Atlantic Coast Line R. Co.], 202 Ala. 558, 81 So. 60; [Graves v. Cruse-Crawford Mfg. Co.], 203 Ala. 202, 82 So. 452)."

Consonant with this principle appellee proved that the pleadings were drawn from facts given by the appellant. There was therefore no error in allowing the complaint in evidence.

■ On cross-examination plaintiff was asked, "Did you tell the claim agent in that conversation that you told the conductor that you had been sick?", to which she answered, "No, I did not mention it to him, because you know * * *". The court properly sustained defendant's objection to her volunteering any more information than the question called for.

Such matters on cross-examination are within the discretion of the trial court. 19 Ala.Dig. Witnesses, ☞267, p. 729. See also Lowman v. State, 161 Ala. 47, 50 So. 43; McElroy, Law of Evidence in Ala., § 121, p. 40; Seaboard Air Line Railway Co. v. Mobley, 194 Ala. 211, 69 So. 614.

■ It is also argued by the appellant that it was error for the trial court to exclude the affirmative answer of the appellant to the question, "And now, is he [meaning the conductor] the one that promised to see that you got off the train?" This fact had already been shown. It is harmless error for the trial court to exclude evidence where such evidence was admitted at another time and in another form. Brown & Flowers v. Central of Ga. Railway Co., 185 Ala. 659, 64 So. 581; 2A Ala. Dig., Appeal & Error, ☞1058(1), p. 509.

■ Finally, the appellant argues that the verdict was against the great preponderance of the evidence. In this we cannot agree. The evidence was clearly conflicting. The case went to the jury on this evidence under proper instruction from the court. Central of Ga. Railway Co. v. Smith, supra; Louisville & Nashville R. R. Co. v. Seale, 160 Ala. 584, 49 So. 323. We cannot say that the verdict was so decidedly against the evidence as to make it wrong and unjust. Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738; Sorrell v. Lindsey, 247 Ala. 630, 25 So.2d 725; Johnson v. King, 260 Ala. 497, 71 So.2d 60; Tucker v. Thompson, 263 Ala. 516, 83 So.2d 238; Shelby County v. Oldham, 264 Ala. 626, 89 So. 2d 106.

The appellant has failed to show any prejudicial error.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.