JORDAN, Circuit Judge,
dissenting.
I respectfully dissent from the majority’s ultimate conclusion that there was evidence of intentional conduct by Taylor to permit summary judgment in favor of American Safety. I agree that under Alabama law the district court was permitted to look beyond the allegations of the arbitration complaint and could “look to facts which may be proved by admissible evidence .... ” Hartford Cas. Ins. Co. v. Merchants & Farmers Bank, 928 So.2d 1006, 1010 (Ala.2005). In this case, however, American Safety did not present any admissible evidence (by way of an affidavit, a deposition, or an admissible exhibit) showing that Taylor acted intentionally. Instead, the district court exclusively relied on the allegations in a prior cross-claim filed by the owners to determine that the conduct alleged in the arbitration complaint (also filed by the owners) was necessarily intentional.
In my view, these prior allegations are not evidence. They are allegations that, *815 for whatever reason, were not reasserted by the owners in the arbitration complaint. As such, they should not be credited over the arbitration complaint or relied upon as established facts. See, e.g., Graves v. Cruse-Crawford Mfg. Co., 203 Ala. 202, 82 So. 452, 452 (1919) (“Pleadings in other cases ... are not evidence against him.”); Hicks v. Jackson County Comm’n, 990 So.2d 904, 905 (Ala.Civ.App.2008) (“Such statements by counsel in pleadings are not evidence”); Radford v. Radford, 917 So.2d 155, 156 (Ala.Civ.App.2005) (“[H]is complaint, accompanied by his sworn statement as to the truthfulness of its contents, is not evidence.”). Cf. State v. Atl. Coast Line R. Co., 202 Ala. 558, 81 So. 60, 64 (1918) (“[M]ere formal pleadings, which are framed by counsel for the purposes of a particular case, are not admissible against a party in another proceeding as admissions of the facts recited.”).
At most, we have the non-proven allegations of one pleading (the cross-claim) juxtaposed against the non-proven allegations of another pleading (the arbitration complaint). This is not the stuff from which summary judgment can be entered.
On this record there remains a possibility that Taylor acted unintentionally, and, as a result, American Safety has a duty to defend until it is clear that Taylor acted intentionally. See Bankers Fire & Marine Ins. Co. v. Leech, 280 Ala. 72, 189 So.2d 913, 916 (1966) (“By a long line of decisions we have held that insurance policies should be liberally construed in favor of the insured and strictly against the insurer ..., and, also, in the same case, that ambiguities should be resolved in favor of the insured.”) (citation omitted). This is especially true given that Alabama recognizes the tort of negligent misrepresentation. See Lawson v. Harris Culinary Ent., LLC, 83 So.3d 483, 492 (Ala.2011) (“‘[Ljegal fraud’ includes misrepresentations of material fact made ‘by mistake or innocently’ as well as misrepresentations made ‘willfully to deceive, or recklessly without knowledge.’ ”) (citation omitted).