# Garth v. Alabama Traction Co.

*Action for Damages for Personal Injury.*

(Decided Nov. 24th, 1906. 42 So. Rep. 627.)

1. *Negligence; Action; Pleading; Characterization of Act; Willful or Wanton Injury.*—In an action against a street railway for injuries by collision with wagon, the complaint alleging that the company's servants, while running a car, recklessly and wantonly or intentionally, ran it against the wagon on which plaintiff was driving, is not subject to demurrer that it is uncertain whether simple negligence or wanton conduct is charged, or that it joins disjunctively in the same count simple negligence and wanton conduct.

2. *Appeal; Harmless Error; Rulings on Demurrer.*—Where the evidence showed without conflict that there was no defect in the car, or its equipment, it was harmless error to sustain a demurrer to a count alleging negligence for failing to properly equip the car.

3. *Trial; Instructions; Withdrawal of Evidence.*—A charge that if plaintiff was guilty of negligence proximately contributing to the injury, he could not recover, unless the company was guilty of subsequent negligence that proximately contributed to the injury, was error, as it pretermitted all reference to wilfulness or wantonness on the part of the Company's servant, as charged in the complaint.

[Garth v. Alabama Traction Co.]

4. *Street Railways; Collisions; Actions; Defenses.*—A plea, as an answer to a complaint for injuries received in a collision with the car, which sets up the defense that plaintiff was guilty of contributory negligence in that he was riding in a covered wagon and attempted to cross the track in front of an approaching car without stopping, looking and listening for the approach of the car, is not demurrable, for that it alleges that plaintiff did not stop, look and listen, whereas the law does not require him to listen in addition to stopping and looking, unless the circumstances at the time and place make stopping and looking ineffective which is not shown by the plea.

5. *Same; Care Required of Company; Instruction.*—A charge asserting that it was the duty of the motorman to keep such control of his car as to be able to bring it to a safe stop before striking one in the act of crossing the track, was erroneous, because imposing on the motorman the duty to stop his car without regard to the suddenness with which a person came on the track.

6. *Trial; Instructions; Evidence to Sustain.*—Where there was no evidence that after the wagon was on the track there was time to do anything which could have checked the speed of the car, it was proper to refuse a charge that if the motorman saw the danger in time to avoid the injury by reducing the rate of speed, the plaintiff was entitled to recover, because misleading.

7. *Same.*—A charge which asserts that a party admitting the written showing of an absent witness does not admit thereby that the written showing is true, is properly refused, as tending to mislead the jury to believe that they were not to consider the written showing.

8. *Same; Assumption of fact.*—Where the evidence as to whether or not the car came in contact with plaintiff, was in conflict, it was proper to refuse an instruction which assumed as a fact that the car injured plaintiff.

9. *Same.*—A charge asserting that the company is seeking to escape liability for injuries alleged to have been negligently inflicted by setting up contribtuory negligence, in that it assumes that there was liability on the company which it was attempting to escape, was properly refused.

10. *Same.*—It was error to charge that there was no evidence of any willful intent to injure plaintiff, where under the evidence, it was for the jury to say whether the motorman saw that plaintiff was about to cross the track, and whether his failure thereafter to stop the car was willful or wanton.

7

[Garth v. Alabama Traction Co.]

11. *Street Railways; Collision; Injuries to Traveler; Contributory Negligence.*—Where the traveler is guilty of contributory negligence in attempting to cross the track, the company is liable only on proof showing either that it was guilty of willful or wanton conduct, or of negligence after discovering his peril.

12. *Trial; Instruction; Applicability to Pleading.*—It is proper to refuse an instruction which fails to follow the description of the wilfulness charged in the complaint.

APPEAL from Morgan Circuit Court.

Heard before HON. D. W. SPEAKE.

Action by Ed Garth against the North Alabama Traction Company. From a judgment for defendant, plaintiff appeals.

This was an action for damages for a personal injury. The allegations of negligence in the first count is that the defendant's servants so negligently and carelessly conducted themselves in and about the management of the electric car that the same was caused to run upon or against a wagon upon which plaintiff was riding at a certain point, overturning the wagon, throwing plaintiff violently to the ground, and throwing the said wagon upon plaintiff, inflicting sundry damages alleged. Count 2 is in the following language: "Plaintiff claims of the defendant $3,000, for that on the 25th day of February, 1904, the defendant's agents and servants, while engaged in running an electric car or street car upon and over said electric railway in the town of New Decatur, Ala., recklessly and wantonly or intentionally ran said car or street car against a wagon upon which plaintiff was seated and driving, at or near the intersection of Gordon Drive and Jackson street, public highways in the town of New Decatur, Ala., overturning said wagon and throwing plaintiff violently to the ground, causing plaintiff to sustain a severe bruise and other injuries" specifically set out. The third count describes the manner of the running of the car, and alleges that it was being run at a high rate of speed, and did not slow up when they saw plaintiff's wagon crossing or about to cross the track, and did not give any warning of approach, or, if they checked the speed of the car, it was immaterial, and, if they gave warnings, they were low and insufficient, and that the servants in charge of the

car carelessly and negligently or wantonly ran against the wagon as aforesaid, causing it to be overturned, throwing plaintiff violently to the ground. The fifth count lays negligence in the defendant in failing to properly equip the car with modern appliances, and alleges that the car was secondhand and worn and old, and avers as additional negligence the negligence as laid in count 3. The negligence averred in count 7 is practically the same as laid in counts 3 and 5, although stated in different language.

Demurrers were interposed to all these counts; but it is not necessary to set out the grounds, except as to counts 2 and 7. Demurrers were interposed to counts 2 and 7 as follows: To count 2, because it is uncertain, from the character of negligence charged, whether simple negligence or wanton negligence is intended to be charged; because it joins disjunctively in the same count simple negligence and wanton negligence. To count 7: (1) Because said count shows upon its face that plaintiff was guilty of negligence proximately contributing to the injury complained of in this: that he attempted to cross said track in a covered wagon without showing that he discharged the duty incumbent upon him of stopping, looking, and listening before he attempted to cross said track. (2) Said count does not show the relationship of the disordered condition or the insufficiency thereof to the injury complained of.

The facts upon which the trial was had and upon which the opinion was based sufficiently appear in the opinion.

A number of pleas were interposed by the defendant, setting up contributory negligence, all based upon the contributory negligence of the plaintiff in attempting to cross the track in a covered wagon without stopping, looking, or listening for the approach of a car, or without endeavoring to ascertain whether he could safely cross before attempting to do so. These pleas were interposed to the counts in simple negligence. The second plea was in the following language: "For further answer to each of the counts, severally and separately, numbered 1, 4, and 6, defendant says that plaintiff was guilty of negligence on his part which proximately con-

tributed to the injury complained of in this : that he was riding in a covered wagon and attempted to cross the track of defendant in front of an approaching car without stopping, looking, and listening for the approach of said car."

To this plea the following demurrers were interposed: "Said plea is defective·in this : It alleges that this plaintiff did not stop, look, and listen, whereas, the law did not require this plaintiff to listen, in addition to stopping and looking, unless the circumstances at the time and place would make stopping and looking ineffectual, and there is nothing in said plea showing that the approach of the car could not have been seen by stopping and looking without listening.   Said plea does not allege a state of facts whereby it became the duty of this plaintiff to listen for the approach of a car on defendant's road.

The plaintiff excepted to the following portion of the court's oral charge: "If the plaintiff was guilty of negligence that contributed proximately to the injury in the case, if plaintiff was injured, then plaintiff cannot recover in this case, unless the defendant was guilty of subsequent negligence that proximately contributed to the plaintiff's injury, if plaintiff was injured."

The plaintiff requested the following written charges, which were refused:   Charge 9:  "I charge you, gentlemen of the jury, that the public have the right to use both sides of the street called Gordon Drive where it intersects with Jackson street, and to cross over the same for the purpose of getting from one side to the other; and it was the duty of the defendant's motorman in charge of the car which injured plaintiff, if plaintiff was injured, to retain such control over the car on approaching this place as to be able to bring it to a full stop before striking one in the act of crossing the track." Charge 11: "If the jury should be reasonably satisfied from the evidence that plaintiff was guilty of negligence in allowing the wagon upon which he was riding to be on the track of the defendant, so as to expose it to danger, by the running of the car, yet such negligence would not be considered as contributory negligence to the injury (if plaintiff was injured), if the jury believe

from the evidence to their reasonable satisfaction that the motorman saw the exposed condition of the wagon to danger on the track, in time to avoid the injury, by reducing the rate of speed in time so as to control it and avoid the injury, or to stop the car, if necessary, to prevent the injury, and the motorman negligently failed to do it, such warning and reduced the speed or stop said car and failed to use all means at his command to avoid the injury, this negligence of the motorman was the proximate cause of the injury to plaintiff; and if you find this to be true, plaintiff is entitled to recover in this case notwithstanding plaintiff's negligence (if plaintiff was negligent) in driving upon defendant's track." Charge 19: "Gentlemen of the jury, by the plaintiff admitting the written showing as to what the absent witness McElwee would testify, if present, the plaintiff does not admit thereby that said written showing is true." Upon this charge is the following indorsement: "Refused, because given in general charge." Charge 12: "I charge you, gentlemen of the jury, that if you are reasonably satisfied from the evidence in this case that defendant's motorman, who was in charge of defendant's car as motorman which injured plaintiff, if plaintiff was injured, saw the wagon in which plaintiff was riding in time to have prevented the car from striking the wagon and injuring plaintiff, by using the appliances at his command, and if at the time of this failure to use the appliances (if there was such a failure) said motorman was conscious that his conduct would result in injury, but with reckless indifference or diregard of the probable consequences, but without intent to injure plaintiff, permitted said car to strike and overturn the wagon in which plaintiff was riding, then plaintiff is entitled to recover in this case, regardless of plaintiff's negligence, if any, in driving upon defendant's track." Charge 17: "Gentlemen of the jury, the defendant in this case is seeking to escape liabilities for injuries alleged to have been negligently inflicted upon the plaintiff by setting up contributory negligence on the part of plaintiff and by also pleading that it is not guilty. I charge you, gentlemen, that under said pleas of contributory negligence the law is there are no presumptions against the

plaintiff that he is guilty thereof, and there is no burden cast upon plaintiff to prove affirmatively· that he exercised due care and diligence. The burden of proving said pleas is upon defendant, and, unless defendant has proven them to your reasonable satisfaction, then plaintiff is entitled to a verdict, provided you believe from all the evidence that defendant negligently injured defendant as alleged in counts 1 and 6 of the complaint."

The court gave the following written charges at the request of the defendant: Charge 9: "I charge you, gentlemen, that there is no evidence of wilful intent to injure the plaintiff, shown on the part of defendant or its employes in charge of the car." Charge 12: "If, after it became apparent to the motorman that the plaintiff was going upon the track, the motorman was diligent in using all the means at his command to stop the car in time to prevent a collision with plaintiff's wagon, then your verdict should be for defendant." Charge 14: "Before you can find for the plaintiff under the eighth count of the complaint, you must find that the motorman was running and handling his car with such indifference and carelessness as to amount to reckless disregard of the rights of plaintiff to be in the street."

WERT & WERT, and BROWN & KYLE, for appellant.— The court erred in sustaining demurrer to count 2.— *Foshee's case,* 125 Ala. 205. The court erred in sustaining demurrer to count 7.—*Government Street Ry. Co. v. Hanlon,* 53 Ala. 71; *Birmingham Ry. & E. Co. v. City Stables,* 119 Ala. 615; *Armstrong v. Montgomery St. Ry.,* 123 Ala. 244. The demurrer should have been sustained to defendant's special plea.—*Foshee's case, supra.* The court erred in refusing charge 9.—*Birmingham Ry. & E. Co. v. City Stables, supra; B'ham Ry L. & P. Co. v. Brantley,* 27 So. Rep. 699. Charge 19 should have been given.—*Orr v. The State,* 117 Ala. 69. Charge 12 should have been given.—*Railway Co. v. Bowers,* 110 Ala. 228; *B'ham Ry. & E. Co. v. Pinckard,* 124 Ala. 247; *M. & C. R. R. Co. v. Martin,* 117 Ala. 382. Charge 17 announces a correct principle of law.—*McDonald v. Railway Co.,* 110 Ala. 162; *Brumley v. B. M. R. R. Co.,* 95 Ala. 403. Charge 9 requested by the defendant should not have

been given.—*Foshee's case, supra; Pinckard's case, supra; Railway Co. v. Shelton,* 136 Ala. 192; *Railway Co. v. Guest,* 136 Ala. 351; *Holmes v. Ry. Co.,* 140 Ala. 214; *B'ham Ry. & E. Co. v. Smith,* 121 Ala. 355. The court erred in giving charge 12 to the defendant.—*B'ham Ry. L. & P. Co. v. Brantley,* 37 So. Rep. 698. The court erred in giving charge 14 to the defendant.—*Railroad Co. v. Pinckard, supra.*

JOHN C. EYSTER, for appellee.—Counsel discusses the pleadings; insists that defendant's special pleas, 2, 4, and 5 were proven; that the defendant was entitled to the affirmative charge and if the court committed error it was without injury. On the general line of the evidence he cites the following cases.—*Sampson's case,* 91 Ala. 560; *McAdory v. L. & N. R. R. Co.,* 109 Ala. 636; *Peters v. Southern Ry. Co.,* 135 Ala. 538; *Moser v. Union Traction Co.,* 1 St. Ry. Rep. 706; *Nellis on St. Railways,* 313-314; Clark's St. Ry. Law, 288-293.

SIMPSON, J.—This was an action for damages to the plaintiff (appellant), claimed to have resulted from a collision of the defendant's electric car with a covered delivery wagon in which the plaintiff was riding on a street in New Decatur, Ala. It appears from the testimony of plaintiff and one Mitchell, who was in the wagon with him, that plaintiff was driving a covered delivery wagon, with the curtains down, along Gordon Drive, in New Decatur, which interesects with Jackson street; that they did not stop, look, and listen for a car; that the wagon was struck by the car at the intersection of Gordon Drive and Jackson street, was pushed along the track about 15 feet and turned over on its side, and then pushed along 5 or 8 feet further; that plaintiff could have seen the car out of the front end of the wagon, by bending forward and putting his head out of the side of the front of the wagon; that the wagon could be seen from the car for about 200 yards. Plaintiff then examined as a witness John Knowles, general superintendent of defendant, who testiefid that if the car was running at a rate of from 4 to 6 miles per hour and the motorman had cut off the electricity and applied brakes the car

could be stopped within 60 or 80 feet, and if going at the rate of 2 to 3 miles per hour it could be stopped within 20, 25, or 30 feet; that the injury occurred about 50 feet from the intersection of Gordon Drive and Jackson street; that it was downgrade; that there was a contrivance within reach of the motorman by which the current of electricity could be reversed; and that by using this, and applying brakes promptly and with force, the car could be stopped quicker than by simply shutting off the current and applying brakes.

Answers to interrogatories propounded by plaintiff to defendant stated that, when first seen, the wagon was approaching the track obliquely, but proceeding parallel with it. The motorman sounded the gong repeatedly as a warning, cut off the current, and applied the brake, and when the car was within 12 or 15 feet of the wagon the plaintiff attempted to cross the track, and when he saw the car, in place of continuing across, which he could have done before being struck, he pulled his team towards the left, thereby putting the wagon almost lengthwise with the track, and the motorman then "applied the brake further" and brought the car to a standstill as soon as possible, but not until he had come in contact with the wagon. The car was in plain view and several yards distant when plaintiff attempted to cross. When the wagon was first seen by the motorman it was some distance from the track, traveling almost parallel with the track, but approaching nearer to it. The current was cut off and brakes applied when he first saw the wagon, but it was not brought to a full stop until it was made evident that plaintiff was turning back towards the track, as, at the slow rate to which it had been brought, the wagon could have crossed before the car reached it, if plaintiff had continued across. The car was secondhand, but properly equipped in every particular. Mrs. Moore, who was a passenger in the electric car, testified that the gong was sounded several times, and according to the best of her judgment the car did not strike the wagon at all, but stopped just before reaching it, and she did not know what turned the wagon over. The witness Smith, for the defendant, who was the motorman, but is now working for the Southern Railway

[Garth v. Alabama Traction Co.]

at Selma, Ala., testified that the car was going north, and when he first saw the wagon it was going north about 300 yards from the car, and it was about 20 feet from the car when plaintiff first attempted to cross the track; that he sounded the gong a great many times; that there was no current on at that time, and he applied the brakes at once; that, if plaintiff had driven across the track when he turned onto it, he could have crossed before the car reached him; that the car came in contact with the wagon, but did not knock it, and the mules cut around and turned it over; that he had cut the current off when he first saw the wagon; that he did not have any reason to suppose that plaintiff intended to cross the track until immediately before the wagon was struck; that the car was moving at the rate of about 3 miles per hour when it struck the wagon.

Plaintiff introduced in rebuttal an answer made by said motorman to an interrogatory, to the effect that he stopped the car when he first saw the wagon, and that when he first saw that the wagon was going to cross the track he was about 100 yards from it; that he began to check it up, and gradually rolled down and stopped within 3 feet of the wagon.

As the witness Smith, in one of his depositions, testified that when he first saw that the plaintiff was going to cross the track he was 100 yards distant, and as there is no plea relying upon the contributory negligence of the plaintiff in turning his team down the track in place of crossing, the court could not give the general charge in favor of the plaintiff, and it becomes necessary to examine the various assignments of error.

As to the first assignment, while the judgment entry shows that the court considered the second, third, and fifth counts, and sustained them, we take it for granted that this was a clerical omission, and that it was a demurrer to said counts which was sustained. The second count is not subject to the demurrer, and the court erred in sustaining said demurrer.—*Foshee's Case,* 125 Ala. 205, 221, 27 South. 1006.

The sustaining of the demurrer to the seventh count of the complaint was error without injury, as the plaintiff did take testimony to show that the car was prop-

erly equipped, and the evidence is without conflict to the effect that there was no defect in the car or its equipment.

The plaintiff's demurrer to the second plea of defendant was properly overruled. The duties therein referred to have been so often laid down that it is hypercritical to say that the duty of listening must be predicated on the fact that stopping and looking would not have been effectual.

The exception to that part of the oral charge of the court to the effect that, if the plaintiff was guilty of contributory negligence, the defendant was not liable unless it was guilty of subsequent negligence, was well taken, as the charge pretermitted all reference to wilfulness or wantonness on the part of the defendant.

There was no error in the refusal by the court to give charge 9, requested by the plaintiff. It is not the duty of the motorman to keep such control of his car as to be able "to bring it to a full stop before striking one in the act of crossing the track," without regard to the suddenness with which said party came upon the track.

There was no error in the refusal to give charge 11, requested by the plaintiff. Said charge was confusing and calculated to mislead the jury. There was not a particle of evidence tending to show that, after the wagon was on the track, there was time sufficient to do anything which could have checked the speed of the car more than it was checked.

While the reason given by the court for refusing to give the nineteenth charge, requested by the plaintiff, was erroneous, yet the charge was properly refused, because it was misleading, and, without explanation, might have made the impression on the minds of the jury that they were not to consider the written showing.

Charge 12, requested by the plaintiff, was properly refused, because it assumed that the car injured the plaintiff, when the evidence was in conflict as to whether or not the car came in contact with the plaintiff at all.

Charge 17, requested by the plaintiff, was properly refused, as it assumes that there was a liability on the defendant, which he was attempting to escape.

[Garth v. Alabama Traction Co.]

The court erred in giving charge 9, requested by the defendant, as it was a question for the jury to decide whether the motorman saw that the plaintiff was going to cross the track when it was 100 yeards distant, and, if so, whether his failure thereafter to stop the car was such as to authorize the jury to find that there was wilfulness or wantonness.

There was no error in the giving of charge 12, on the request of the defendant, as, in this case, the plaintiff was clearly guilty of contributory negligence, and, that being the case, the defendant would be liable only on proof showing either that it was guilty of willful or wanton conduct or of negligence after discovering the peril of the plaintiff.—*L. & N. R. R. Co. v. Sullivan,* 59 Ala. 272, 282; *Central of Ga. Ry. v. Lamb,* 124 Ala 172, 176, 26 South. 969; *M. & O. R. R. v. Martin,* 131 Ala. 270, 278, 30 South. 827; *Central of Ga. Ry. v. Foshee,* 125 Ala. 201, 216, 217-18, 27 South. 1006. We do not understand the case of *Birmingham Ry., L. & P. Co. v. Brantley,* 141 Ala. 614, 619, 37 South. 698, which is based upon the foregoing cases, as asserting any principle, other than as above stated.

The court erred in giving charge 14, requested by the defendant, as the charge does not follow the description of willfulness complained of in the count.

The motion for rehearing is granted, and the judgment of the court is reversed, and the cause remanded.

TYSON, C. J., and HARALSON and ANDERSON, JJ., concur.