# Kress, *et al.,* *v.* Lawrence.

*Damages for Assault and Battery.*

(Decided Nov. 19, 1908. 47 South. 574.)

1. *Trial; Instructions Bad in Form.*—An instruction requiring a finding for defendant on a named count is bad in form, and its re-fusal proper.

2. *Same; Instructions Misleading.*—Where misleading instructions are given a reversal will not be had; the duty being on the other party to request explanatory instructions.

3. *Same; Assumption of Fact.*—A charge asserting that defendant, while he might not be liable for slander in this case, might be liable for an arrest under the charge of embezzlement, and that in consid-ering that question the jury might consider all the evidence as to what was said and done at the time, does not assume as a fact that an arrest was made under the charge of embezzlement, and was not erroneous as invading the province of the jury.

[Kress, et al. v. Lawrence.]

4. *Same; Instructions; False Swearing.*—A charge asserting that if the jury were reasonably satisfied from the evidence that one or more witnesses willfully swore falsely in any material particular, they could reject the testimony of that witness or those witnesses entirely, was a proper charge.

5. *Assault and Battery; Damages.*—Punitive damages are recoverable against the owner of the store for the wrongful act of its manager in forcibly and publicly searching a saleswoman's pocket for money he claimed she had embezzled, and which, before the search, she told him he would find in the cash carrier where she had placed it to be sent to the cashier's desk.

6. *Same; Excessive Verdict; Damages.*—A verdict for $800.00 is not excessive where the facts tend to show that the manager of defendant forcibly and publicly searched a saleswoman's pocket for money he claimed she had embezzled and which she told him would be found in the cash carrier where she had placed it to be sent to the cashier's desk.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by Julia E. Lawrence against S. H. Kress and S. H. Kress & Co. From a judgment for plaintiff in the sum of $800, defendants appeal. Affirmed.

The first count of the complaint was for an alleged slander uttered by an agent of defendant. This count went out on demurrer. The second count was for wrongful arrest and detention of plaintiff on the charge of appropriating to her own use money received by her as a clerk of the defendant. The third count was for wrongful assault on plaintiff and the searching of her person for money alleged to have been taken and retained by her as defendant's clerk. The pleas were the general issue. The evidence for plaintiff tended to show that defendants conducted a retail store in the city of Bir- mingham and that plaintiff was a clerk or saleswoman of defendants; that while waiting on a customer, to whom she sold an article for the sum of 10 cents, which she placed in the carriage cup register and sent to the cashier's desk, the defendants' manager touched her on the shoulder and told her he wanted her in the office; that he followed behind her, and that when she got to the

back end of the store he stopped her and told her that he had seen where the dime went and that she had dropped it in her pocket; that she told him she did not want to be searched in a public place, and that if he would take down the cash cup he would see that the dime was in there; that he insisted that he had seen the dime go into her pocket, and that he was going to see right there, and she told him she wanted him to be perfectly satisfied that she did not get the dime, but did not want to be searched in a public place, and that she was willing to go into the private office and satisfy him after he looked into the cash cup, but that he went into her pocket and jerked out a handkerchief, check book, and pencil, and searched her naked pocket, and that he then told her to go back to the counter, where she had customers waiting, and that she stayed on till 10 o'clock that evening; that the store was crowded with people at the time he accused her of putting the money in her pocket, etc.

The following charges were refused to the defendant: (2) "If the jury believe the evidence, they must find for defendant on the second count of the complaint." (3) Same as 2 as to the third count. The following charges were given at the request of plaintiff: "(2) If the jury find for plaintiff, they may in their sound discretion add punitive damages to whatever compensatory damages they may find. (3) While defendant in this case is not liable for slander, yet defendant S. H. Kress & Co., may be liable for arrest under charge of embezzlement, and the jury in considering that question may consider all the evidence before the jury as to what was said and done." "(6) If the jury are reasonably satisfied from the evidence that any one or more witnesses in the case willfully swore falsely in any material particular in the case, then the jury are authorized to reject the testimony of the witness or those witnesses entirely."

[Kress, et al. v. Lawrence.]

CABANISS & BOWIE, for appellant. The evidence fail-
ed to show wrongful arrest and detention.—2 A. & E.
Ency of Law, 834; 19 Cyc. 332. Punitive damages were
not recoverable.—*Loveman v. Bir. R. L. & P. Co.*, 43
South. 411; *Alley v. Daniels*, 75 Ala. 403; *Garrett v.
Sewell*, 108 Ala. 521. Counsel disuss other assignments
of error but without citation of authority.

BOWMAN, HARSH & BEDDOW, for appellee. The gen-
eral charge requested by the defendant as to the 2nd
count was bad in form.—*M. & O. v. George*, 94 Ala. 201;
*L. & N. v. Sandlin*, 125 Ala. 585; 139 Ala. 462. The 2nd
count was authorized by form 19, p. 946, Code 1896, and
*Rich v. McInnery*, 103 Ala. 345, the doctrine of which
is reiterated in *Fuquay v. Gambill*, 144 Ala. 468. On
the authorities cited by the appellant the detention was
wrong. The 6th charge given for appellee was good.—
*Williamson I. Co. v. McQueen*, 144 Ala. 265; *Hale v.
The State*, 122 Ala. 85; *A. G. S. v. Frazer*, 93 Ala. 51.
Counsel discuss the refusal to grant a new trial, but
without citation of authority. They insist that punitive
damages were recoverable.—*Mitchell v. Gambill*, 140
Ala. 317.

DOWDELL, J.—The complaint contained three
counts. The first count went out on demurrer. Pleas
of not guilty were filed to the second and third counts,
on which issue was joined. The questions presented for
our consideration and argued by counsel arose on excep-
tions taken by the defendants, appellants here, to the re-
fusal of the court to give certain charges requested in
writing by the defendants and to the giving of certain
charges requested by the plaintiff.

Charges 2 and 3, refused to the defendants, and which
the defendants insist were erroneously refused, were
bad in form, and for that reason, if no other, were prop-

erly refused.—*M. & O. R. R. Co. v. George,* 94 Ala. 201, 10 South. 145; *L. & N. R. R. Co. v. Sandlin,* 125 Ala. 585, 28 South. 40; *Bessemer Liquor Co. v. Tillman,* 139 Ala. 462, 36 South. 40; *A. G. S. R. R. Co. v. Bonner* (Ala.) 39 South. 619.

It was open to the jury, under the third count of the complaint, if they believed the evidence of the plaintiff, to assess punitive damages. Charge No. 2, given at the request of the plaintiff, correctly stated the law when referred to the third count and the evidence under that count. It was the right of the defendants, if they supposed it was of misleading tendency, to meet this by requesting an explanatory charge.

Charge No. 3, given for the plaintiff, we think, was not an invasion of the province of the jury. This charge does not assume as a fact on "arrest under a charge of embezzlement," as counsel for appellants contend, but leaves this as a question for the jury. In the giving of this charge no reversible error was committed.

The sixth charge for the plaintiff was held good in *Williamson Iron Co. v. McQueen,* 144 Ala. 265, 40 South. 306. See, also, *A. G. S. R. R. v. Frazier,* 93 Ala. 51, 9 South. 303, 30 Am. St. Rep. 28, and *Hale v. State,* 122 Ala. 85, 26 South. 236.

Under the principle stated in *Cobb v. Malone,* 92 Ala. 630, 9 South. 738, we do not feel justified in reversing the ruling of the trial court on the motion for a new trial upon the ground that the verdict was contrary to the weight of the evidence. Nor are we prepared to say that the verdict was excessive, if the plaintiff's evidence is to be believed, and manifestly the jury did believe it.

There being no reversible error, the judgment is affirmed.

Affirmed.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ concur.