199 So. 702

## WESTERN UNION TELEGRAPH CO. v. GORMAN.

### I Div. 102.

Supreme Court of Alabama.

Dec. 19, 1940.

Rehearing Denied Jan. 23, 1941.

See, also, 237 Ala. 146, 185 So. 743.

484

Lyons & Thomas, of Mobile, for appellant.

Harry T. Smith & Caffey, of Mobile, for appellee.

BROWN, Justice.

This is the second appeal on this case. See, Western Union Telegraph Co. v. Gorman, 237 Ala. 146, 185 So. 743, 745.

On the first appeal it was held: "From the evidence the jury might have found that the boy negligently caused the accident or that it was the result of his wanton or wilful misconduct."

To state the proposition in other words, the evidence presented a question for jury decision under both counts by the complainant. The second trial was had on the same complaint as the first, and the evidence, it is conceded, is substantially the same as on the first trial. The affirmative charge requested by the defendant was properly refused. We are not of opinion that the verdict was excessive. The evidence supports the verdict, and the motion for new trial was overruled without error.

The facts hypothesized in plaintiff's given charge 1 constituted Howard, pro hac vice, an agent or servant of the defendant acting within the line and scope of his employment. Western Union Telegraph Co. v. Gorman, supra.

Defendant's refused charge 2 was substantially covered by defendant's given charges 7 and 10.

■ Defendant's charges 4, 4 (a), and 17, were refused without error. Charges 11, 14, 22 and 23, are "even though" charges, repeatedly condemned as bad in form, and as argumentative. Louisville & N. R. Co. v. Parker, 223 Ala. 626, 646, 138 So. 231; Birmingham R. L. & P. Co. v. Saxon, 179 Ala. 136, 161, 59 So. 584. Moreover the proposition of these charges is correctly and concisely stated in special charges 7 and 10 given at the request of the defendant.

■ Defendant's refused charge 16 is uncertain of meaning, possesses misleading tendencies to the result of inculcating the idea that "plaintiff's own act" constituted negligence within the issues presented by the pleadings, while in fact no such negligence was pleaded. The evidence is without dispute that the act of the rider of the bicycle proximately caused plaintiff's injuries, and the only litigated question of fact was whether or not said rider was the agent or servant of the defendant, at the time, acting within the scope of such agency or employment. The charge was refused without error.

■ The witness Howard testified that he told Willie Harrison that he had an accident and his testimony on this point was not disputed, nor was it material. The sustention of plaintiff's objections to questions asked Harrison eliciting this same fact was not error.

■ The fact that other messenger boys on sporadic occasions went on missions of their own in no way connected with their employment while in uniform was without probative force as showing or tending to show that Howard on the occasion of plaintiff's injury was on such mission, and the objection to the proffered evidence was properly sustained.

We find no reversible error in the proceedings of the circuit court.

Affirmed.

GARDNER, C. J., and THOMAS and KNIGHT, JJ., concur.