74 So.2d 429

### H. H. CROCKER

v.

### John T. LEE.

### I Div. 598.

Supreme Court of Alabama.

Aug. 30, 1954.

N. S. Hare, Monroeville, for appellant.

442

B. E. Jones and R. L. Jones, Evergreen and Monroeville, for appellee.

Clifford Emond, Bryan Chancey, Clifford Emond, Jr., Chas. B. Aycock, T. Eric Embry, John H. Martin, Jr., and Walter L. Mims, Birmingham, and W. E. Brobston, Bessemer, amici curiae, in support of appeal.

SIMPSON, Justice.

H. H. Crocker, of the age of about seventy-seven years, sued John T. Lee for damages for personal injuries received by him when he was struck by Lee's automobile as he was walking across Highway No. 11 at the intersection of Pike Street and said highway just outside of the city limits of Monroeville, Alabama. From a judgment for the defendant the plaintiff brings this appeal.

The case went to the jury on Count A, charging simple negligence, and Count B charging wantonness. The pleas were in short by consent, so the issues tendered under Count A were the negligence of the defendant, both initial and subsequent, and the contributory negligence of the plaintiff, and under Count B, the charge of wantonness as against the plea of the general issue.

There were several charges on contributory negligence given·at the request of the defendant which were prejudicially erroneous, thereby requiring a reversal of the cause. Following are the governing principles:

First, a charge is erroneous which fails to hypothesize that the negligence of the plaintiff as a bar to recovery proximately contributed to the plaintiff's injury. Such negligence in order to defeat recovery under a plea of contributory negligence must be a concurring proximate cause of the injury and not merely a remote or antecedent cause or condition. Terry v. Nelms, 256 Ala. 291, 54 So.2d 282, and cases cited; Smith v. Crenshaw, 220 Ala. 510, 126 So. 127.

Charges 9 and 11 violated this rule in omitting "proximate" and the consistent holding of this court has been that when the charge is so fatally omissive, its giving, under the circumstances, will be error to reverse. Terry v. Nelms, supra, and cases cited.

Second, the giving of a charge is erroneous which predicates a finding of no liability of the defendant on the hypothesis that the plaintiff was guilty of negligence proximately contributing to his injury where there is a wanton count in the complaint and properly submitted to the jury, since contributory negligence is no defense to such a charge. Garth v. North Alabama Traction Co., 148 Ala. 96, 42 So. 627; Ashley v. McMurray, 222 Ala. 32(9), 130 So. 401. Charges C, 10 and 11 violated this principle and were erroneously given.

Charge 24 was faulty since the fact that the defendant was not guilty of negligence would not preclude a finding that he was guilty of willful or wanton conduct. Coleman v. Hamilton Storage Co., 235 Ala. 553(13), 180 So. 553. It is noticed that a similar charge was approved in Karpeles v. City Ice Delivery Co., 198 Ala. 449, 73 So. 642. But it would seem from the report of that case there was no evidence to support the wanton count and it was not considered by the court.

To avert the criticism leveled at the last four charges, appellee argues that there was no evidence justifying submission of the

444

wanton count to the jury and that, therefore, the giving of the charges was error without injury. Tyler v. Drennen, 255 Ala. 377, 51 So.2d 516.

■ Following are the salient features of the evidence most favorable to the plaintiff: The defendant was driving his automobile on Highway 11 at a speed of approximately fifty miles per hour in a residence district, as defined by the Code, Title 36, § 1(34). This rate of speed was prima facie unlawful, twenty-five miles per hour being the maximum speed which is regarded under the statute as prima facie lawful. Code, Title 36, § 5. Defendant was proceeding in his automobile toward the intersection of Pike Street and the highway, where the plaintiff was, according to his testimony, preparing to cross. Defendant was familiar with the intersection; it was a populous crossing, much used by the public. He knew the plaintiff and had seen him over 625 feet away standing on the opposite side of the highway at or near the crossing. As he, defendant, approached the intersection, he noticed the plaintiff looking at another car before he attempted to cross. He observed the plaintiff as he started to cross and when another car meeting his automobile obstructed his view momentarily, the plaintiff "made a break" to get across in front of his automobile. He knew the plaintiff was an aged man and "walks with his head hanging to the ground" and that the plaintiff was partially deaf. Plaintiff's testimony was that when he started across the highway at the intersection he observed the defendant's car at the top of the hill some 250 yards away and that when he next observed the car he had almost made the trip across the highway and the car was about thirty feet away, bearing down upon him. He was struck within a foot or eighteen inches of the edge of the blacktop on the defendant's right-hand side of the highway. The blacktop was twenty feet in width and there was sufficient room on the left side of where the plaintiff was struck to have passed with safety on the defendant's side of the yellow center line. The defendant admitted in his interrogatories he skidded his tires ninety feet. Reviewing the evidence in a light most favorable to

the plaintiff, we entertain the view that there was at least a scintilla requiring submission of the issue of wantonness to the jury.

In addressing consideration of the foregoing evidence to the governing rules, it is to be first observed that while the principle is the same in all cases, there are necessarily shades of difference in the facts of each case and for that reason the definition of wantonness must be viewed in the light of the circumstances of the particular case under review. Wilhite v. Webb, 253 Ala. 606, 46 So.2d 414.

■ It is universally held that a willful or intentional act may not necessarily be involved in wantonness. It may consist of an inadvertent failure to act by a person with knowledge that someone is probably imperiled and the act or failure to act was in reckless disregard of the consequences. McNickle v. Stripling, 259 Ala. 576, 67 So. 2d 832.

■ The rule particularly applicable here is that wantonness may arise where the defendant has knowledge that persons, though not seen, are likely to be in a position of danger and with conscious disregard of known conditions of danger and in violation of law he brings on the disaster. Godfrey v. Vinson, 215 Ala. 166, 169, 110 So. 13, 16; McNickle v. Stripling, supra.

In the light of these well-recognized statements of the law, we think it clear that there was sufficient evidence to submit the wanton count to the jury. According to the plaintiff's evidence, the defendant should have seen the plaintiff as he started across the highway. Indeed, at such a populous crossing the defendant should have known that pedestrians might be attempting to cross when his vehicle was some 250 yards away. However, he did not slacken his speed until, according to the plaintiff's testimony, he was but a short distance away. His violation, prima facie, of the speed law to the extent shown here, together with the other facts and circumstances adverted to above, raises an inference of wantonness.

■ True, as argued by appellee, speed alone does not import wantonness and the

violation of the speed limit does not of itself amount to willful or wanton misconduct, but the violation of the speed law under the circumstances indicated, with knowledge or its equivalent in law of the plaintiff's plight and conscious failure to act under the circumstances to avert the accident makes it a jury question as to whether or not such conduct is wantonness. Callaway v. Griffin, 245 Ala. 598, 602, 18 So.2d 547.

In connection with a consideration of the charges which should have been refused under one or both of the foregoing principles—and perhaps some other given ones—it is proper to observe that several were faulty in containing phraseology which in effect required an affirmative finding by the jury, such as "in that event the verdict should be for the defendant" or the jury "must return a verdict for the defendant" as to a particular count. Railway Express Agency v. Burns, 255 Ala. 557, 52 So.2d 177; Morgan-Hill Paving Co. v. Thomas, 223 Ala. 88, 134 So. 480; South Central Telephone Co. v. Corr, 220 Ala. 127, 124 So. 294; Wear v. Wear, 200 Ala. 345, 76 So. 111; Roach v. Wright, 195 Ala. 333, 70 So. 271; Central Foundry Co. v. Laird, 189 Ala. 584, 66 So. 571; Kress v. Lawrence, 158 Ala. 652, 47 So. 574; Alabama Iron Co. v. Smith, 155 Ala. 287, 46 So. 475; Bessemer Liquor Co. v. Tillman, 139 Ala. 462, 36 So. 40; Goldstein v. Leake, 138 Ala. 573, 36 So. 458; Mobile & Ohio R. Co. v. George, 94 Ala. 199, 10 So. 145.

Plaintiff assigns as error the refusal of the court to give his requested charge number 11. The giving of such charge was approved in Faulkner v. Gilchrist, 225 Ala. 391, 143 So. 803. But the charge contains the words "even though" and it has been held that it is not error to refuse such charges. Western Union Telegraph Co. v. Gorman, 240 Ala. 482, 199 So. 702. See also 1 Alabama Jury Instructions, § 433, by Hon. Walter B. Jones.

We think we have treated sufficiently of the principles governing instructions to the jury for guidance of the court and counsel on another trial and forego further discussion.

Some other matters will also be mentioned in view of a probable second trial.

The trial court refused permission for the plaintiff's counsel to use a blackboard in the examination of a witness to illustrate his testimony with reference to the *locus in quo* of the accident. The ruling seems to have been rested on the apprehension that the diagram to be depicted on the board could not be properly reproduced in the record in case of appeal. The court offered to permit the use of a piece of paper that could be made a part of the record. We do not propose to undertake a definitive treatment of the problems presented in such a situation, but it may be of benefit to the bench and bar to point out one or two basic principles involved.

The use of a map, drawing, or plat for purposes of illustration must be distinguished from its admission in evidence. In the latter case the instrument possesses within itself evidential characteristics tending to establish a particular fact. In the former case the testimony of the witness is the evidence and the map or diagram is merely an aid to its understanding. State v. Harrison, 145 N.C. 408, 59 S.E. 867; Hagan v. Carr, 198 Pa. 606, 48 A. 688; Wilson v. McCoy, 86 W.Va. 103, 103 S.E. 42. It may be noted that some Alabama decisions have seemingly failed to utilize such a distinction. See Alabama Power Co. v. Jones, 212 Ala. 206, 101 So. 898; East Tennessee V. & G. R. Co. v. Watson, 90 Ala. 41, 7 So. 813; Humes v. Bernstein, 72 Ala. 546; Nolin v. Parmer, 21 Ala. 66. But see Clements v. Pearce, 63 Ala. 284, 293.

The use of a blackboard for the purpose of illustrating testimony has been held to be within the sound discretion of the trial court. State v. Jones, 51 N.M. 141, 179 P. 2d 1001; Cincinnati St. Ry. Co. v. Waterman, 50 Ohio App. 380, 198 N.E. 494. Though we have not found a case prohibiting the use of such devices, they have been criticized by several courts. Connelly v. Nolte, 237 Iowa 114, 21 N.W.2d 311; Anderson v. Commonwealth, 205 Ky. 369, 265 S.W. 824; Paden v. Morris & Co., Mo.App., 251 S.W. 424; State v. Jones, supra. We

446

think the criticism in the last above cases stems from the method of use (perhaps more accurately termed "misuse") rather than due to any vice inherent in the instruments.

■ Concededly, a witness's statement "here" or "there" plus a nonarticulated indication of a point on a map or diagram, may be of such significance to determine the verdict of the jury, but to the reviewing court such words are utterly devoid of meaning. This type situation may result even when the map is included in the record. See Desimone v. Mutual Materials Co., 23 Wash.2d 876, 162 P.2d 808. Properly used, the graphic illustration of testimony by maps, charts, diagrams, etc., is of great aid to factfinders and should be encouraged by trial courts. But when the testimony becomes so entwined with the illustration that a reference to the latter is necessary to understand the former, it is also the duty of the court on proper objection or motion to preserve the right of a party to an adequate record for appellate review. Plaintiff in the instant case has not shown nor can we perceive any benefit that he was denied from the use of the blackboard or that was not gained by the use of maps and plats that he had already introduced in evidence. Under the circumstances we cannot say that the trial court abused its discretion in prohibiting the use of the blackboard.

It is urged that the trial court committed reversible error in unreasonably restricting counsel for the plaintiff in his opening statement to the jury. Just what plaintiff's counsel was permitted to state to the jury is in doubt, so it would be difficult for us to determine whether or not the trial court abused its discretion in the premises. For the guidance of counsel and the court, we direct attention to our recent case of Pacific Fire Ins. Co. v. Overton, 256 Ala. 400, 55 So.2d 123, which we think sufficiently sets out the applicable law.

■ Argument for error is also rested on the action of the trial court in refusing to permit counsel for plaintiff on voir dire examination of the jurors to ask them, "Is there any member of the jury under any kind of business obligation or social obligation to Mr. John T. Lee [defendant] which would impair or interfere with his judgment?" Since there is some dispute as to the interpretation of the record with respect to this matter and reversal is rested on other grounds, it is sufficient to say that we entertain the view the inquiry was proper if addressed directly to the jurors and should have been permitted. Code, Title 30, § 52.

■ Upon objection of counsel for defendant, the court refused to permit the plaintiff's professional medical witness to illustrate X-ray photographs through a view screen or illuminator. There is nothing inherently improper in the use of such a device and the trial court should be careful in unreasonably restricting such use, since it would be of considerable benefit to the jury in determining the exact status of the injuries. Chesapeake & Ohio R. Co. v. Kornhoff, 167 Ky. 353, 180 S.W. 523; Texas Employers' Ins. Ass'n v. Cheek, Tex. Civ.App., 63 S.W.2d 1103; Evans v. Commonwealth, 230 Ky. 411, 19 S.W.2d 1091, 66 A.L.R. 360.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, STAKELY and MERRILL, JJ., concur.