310 So.2d 206

**REDWING CARRIERS, INC.**

v.

**Tommy Edward STONE.**

**SC 785.**

Supreme Court of Alabama.

March 13, 1975.

Rehearing Denied April 10, 1975.

James D. Harris, Jr., Montgomery, for appellant.

John Grow and Gary P. Alidor, Mobile, for appellee.

MADDOX, Justice.

Plaintiff, Tommy Stone, sued his employer,[1] Redwing Carriers, Inc., for personal injuries he received when he attempted to unload acid from Redwing's tank at a chemical company plant in Pensacola, Florida.

The complaint contained only a wanton count. After trial in Mobile County, a

---

1. Redwing makes no point that the complaint did not allege facts which would show the inapplicability of the workmen's compensation laws. Therefore, we will not address that issue.

jury returned a verdict for $25,000 in plaintiff's favor. Redwing appeals and assigns several grounds of error. We consider only one which causes us to reverse and remand.

During the course of the trial, Redwing sought to introduce into evidence a copy of a complaint filed by Stone against Agrico Chemical Co., in which Stone claimed Agrico was negligent for failing to provide sufficient water at the site when Stone was unloading the acid. In other words, Redwing contends that Stone was claiming that Agrico's negligence proximately caused his injuries and at the same time claimed Redwing's negligence proximately caused his injuries.

Generally, pleadings are admissible against a party as admissions whether the pleadings were filed in behalf of the party in another action, or upon proof that the pleadings were drawn under the party's direction or with his consent. Cole v. Louisville & Nashville R. R., 267 Ala. 196, 100 So.2d 684 (1957); Elder v. Rawls Sanitorium, 219 Ala. 298, 122 So. 41 (1929); McElroy Law of Evidence in Alabama, Vol. 2, § 181.01, p. 7. In the trial below, Stone's counsel stipulated that the exhibit Redwing sought to introduce was a copy of the suit which Stone filed against Agrico. It was relevant to show that plaintiff Stone had sued another company for the same alleged injuries for which he was suing Redwing.

The court's failure to permit the complaint to be put into evidence constitutes reversible error.

Other grounds of error are argued, but we will not discuss them. It is probable that any error which may have occurred will not occur if there is another trial.

Reversed and remanded.

HEFLIN, C. J., and MERRILL, JONES and SHORES, JJ., concur.