A. A. SPURLIN, surviving parent of Douglas J. Spurlin, a minor, Deceased, et al., Plaintiffs-Appellants,

v.

GENERAL MOTORS CORPORATION, Defendant-Appellee.

No. 74–3080.

United States Court of Appeals, Fifth Circuit.

May 10, 1976.

Francis H. Hare, Sr., Birmingham, Ala., H. Carey Walker, Jr., Huntsville, Ala., Truman Hobbs, Montgomery, Ala., for plaintiffs-appellants.

Jerry B. Ange, Ralph H. Ford, Huntsville, Ala., for defendant-appellee.

(Opinion March 15, 1976, 5 Cir. 1976, 528 F.2d 612)

Before TUTTLE, THORNBERRY and COLEMAN, Circuit Judges.

PER CURIAM:

█ Upon consideration of General Motors' petition for rehearing, we think it appropriate to add the following to our opinion in this case. First of all, it is true that an appellee is under no obligation to take a cross-appeal if he wishes to offer alternative bases, other than those employed by the district court, to support the judgment entered below. 9 J. Moore, *Federal Practice*, ¶ 204.11[3], at 932. Nevertheless, as we have stated, the appellee in this case based its argument on appeal almost exclusively [1] on the insufficiency of the evidence to sustain the jury's verdict.

Appellant has, however, drawn the Court's attention to certain evidence *excluded* by the district court and not previously discussed by us, whose exclusion is argued to have justified the court's grant of judgment n.o.v. and a new trial in the alternative. At trial General Motors attempted to introduce into evidence pleadings from certain administrative proceedings before the Alabama Board of Adjustments, which had been filed by some of the plaintiffs in the consolidated cases before us. Those pleadings alleged negligence on the part of the bus driver and the county mechanics who serviced the bus. The district court refused to admit them into evidence, either as admissions against interest or as a complete bar to the present suits, and GM now contends that failure to admit them constituted reversible error. We do not agree. The recent Alabama Supreme Court case upon which appellee relies, *Redwing Carriers, Inc. v. Stone*, 293 Ala. 726, 310 So.2d

---

1. The single piece of evidence to whose admission this Court was able to find an objection raised in GM's brief was a technical article on emergency braking systems. This evidence was clearly admissible under *City of Dothan v. Hardy*, 188 So. 264 (Ala.1939). *See* F.R.C.P. 43(a). Once admitted, the defense was free to cross-examine the expert witness who testified concerning its contents, and the weight to be accorded it as evidence was clearly a matter for the jury.

206 (1975), is not controlling on the facts before us. In *Redwing*, a personal injury suit against the plaintiff's employer, the trial court was found to have committed reversible error in refusing to admit pleadings filed by the plaintiff in a separate suit against another defendant for the same injury. The Alabama Court simply recognized the rule that prior pleadings that are *inconsistent* with present contentions may be introduced as an admission against interest. The principle is stated in *Elder v. Ralls Sanitarium*, 219 Ala. 298, 122 So. 41 (1957) which is cited by the Alabama Supreme Court in *Redwing Carriers, supra*:

"We think the following from 22 Corpus Juris, p. 317 fully answers the appellant's objection:

'Where a party on the trial of an action advances contentions *which are inconsistent* with his prior conduct in relation to the matter in controversy, such prior conduct may be shown as being in the nature of an admission. . . .'" (Emphasis added.)

We conclude that the Alabama Court did not decide that every pleading in any other case filed by a party to the instant suit is admissible. It is only those that are *inconsistent* with the party's present posture which would be relevant and thus admissible. Here there is no necessary inconsistency. As we noted in our opinion, Alabama law recognizes both the doctrines of concurrent negligence and of foreseeable intervening negligence. Under neither of these theories would the allegations of negligence made before the Board of Adjustments by certain of the plaintiffs here be inconsistent with their pleadings in the present lawsuit, and thus *Redwing* is inapplicable.

Furthermore, since the named plaintiff, Spurlin, being the only death claimant, and two other plaintiffs did *not* file any claims with the Board, it would have been highly prejudicial to them to admit into evidence these administrative pleadings filed by other plaintiffs in the suit. The trial court must weigh such possible prejudice in permitting the introduction of such evidence even though it was admissible as to some plaintiffs.

Consequently, we conclude that under the circumstances and posture of this case, the district court did not err in excluding the administrative pleadings from evidence. We thus adhere to our previously published opinion, with one final technical modification. It has been brought to our attention that the other wrongful death case, that of Ambrose King for the death of his minor son, Mickey, was dismissed just prior to the trial of the remaining consolidated cases. The opinion of this Court is therefore corrected to reflect the fact that a single wrongful death verdict was entered by the jury for Mr. Spurlin, in the amount of $70,000.

The petition for rehearing is DENIED and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is DENIED.