Plaintiff Robert B. Whaley sued defendants Lloyd and Mary Lawing for injuries sustained when a redwood sundeck on the home of defendants collapsed. The thrust of plaintiff's complaint is that the defendants were wantonly negligent in allowing *Page 1091 
the plaintiff, a social guest in their home, on the sundeck which they knew was unstable and dangerous. After presentation of the plaintiff's case, the trial court directed a verdict in favor of the defendants. Plaintiff appeals citing several grounds for reversal.
Initially, plaintiff urges the court to reevaluate and abolish the traditional distinctions between trespassers, licensees, and invitees in land occupancy cases. It is sufficient to point out that in light of our recent decision inMcMullan v. Butler, 346 So.2d 950 (Ala., 1977), the status of trespasser, licensee, and invitee will continue to be viable classifications under Alabama law.
Second, plaintiff contends that it was error for the trial judge to exclude from evidence a complaint filed by the defendants prior to the accident charging the contractor with negligently constructing their home. The complaint was offered as proof of the defendant's knowledge of the defectively constructed sundeck.
As a general rule, the pleadings of a party in another action are admissible as admissions against interest where those pleadings were drawn under the party's direction or with his consent. Redwing Carriers, Inc. v. Stone, 293 Ala. 726,310 So.2d 206 (1975); Cole v. Louisville Nashville R.R., 267 Ala. 196, 100 So.2d 684 (1957). The prior pleadings, however, must be inconsistent with the present contentions of the party in order to be introduced as an admission against interest.Spurlin v. General Motors Corp., 531 F.2d 279 (5th Cir. 1976).
At the time the complaint was offered as evidence, defendant Mary Lawing had testified that she and her husband did have complaints against the contractor, but only concerning some unfinished wallpapering and painting and a "hollow" sound in the kitchen floor. She expressly denied having any complaints with the sundeck. In a discussion in chambers, the trial judge made it clear that he would allow the prior pleadings into evidence, but only if the complaint could be linked to the sundeck:
 THE COURT: "If counsel assures me that there's some evidence to follow that up that it had anything to do with the deck, I'll let it in. . . ."
Upon plaintiff counsel's statement that he was unable to offer any evidence linking the prior complaint to the sundeck, the trial court refused to allow the complaint in evidence.
Since the defendants had admitted having complaints as to other portions of the house, the prior complaint against the contractor is probative of an inconsistency only with respect to defendants' contention that they had no knowledge of the sundeck's defective condition. Because the plaintiff was unable to offer any evidence correlating the prior complaint and the sundeck in order to show an inconsistency, the trial court's ruling was not in error.
Third, and most significantly, plaintiff maintains that the trial court committed reversible error in directing a verdict for the defendant since there was a scintilla of evidence supporting the material elements of plaintiff's case. That evidence, when viewed in a light most favorable to the plaintiff, reveals that the defendants Lloyd and Mary Lawing purchased a newly constructed home in Jefferson County in 1972. Attached to the rear of this house was an elevated redwood sundeck which was accessible either through a door entering the den or a staircase leading up from the ground. During the year and a half prior to its collapse, the sundeck was continuously and extensively used. For example, the sundeck was used on numerous occasions for social gatherings, and at times as many as 16 people occupied the deck simultaneously. Both defendants testified that at no time during this period did they notice or feel anything wrong with the deck. At no time did anyone complain about the safety of the deck. The plaintiff and his wife testified that they had experienced a slight bounce and vibration of the sundeck, but they never mentioned it to the defendants. Indeed, the plaintiffs continued to use the sundeck on their own initiative, and often in lieu of other entrances, during their subsequent visits to the defendant's home. In an *Page 1092 
affidavit, the Lawing's maid stated that the deck wobbled so badly that she wouldn't use it, but in a subsequent deposition she denied having made such a statement and testified that she walked on the sundeck every day she was at work. On the day the deck collapsed the plaintiff was concededly a guest in the defendant's home and voluntarily went on the sundeck with his wife and child. Upon the collapse of the deck, plaintiff sustained injuries to his back.
 "Wantonness has been defined as the conscious doing of some act or the omission of some duty which under knowledge of existing conditions and while conscious that, from the doing of such act or the omission of such duty, injury will likely or probably result, and before a party can be said to be guilty of wanton conduct it must be shown that with reckless indifference to the consequences he consciously and intentionally did some wrongful act or omitted some known duty which produced the result. Griffin Lumber Co. v. Harper, 247 Ala. 616, 25 So.2d 505; Taylor v. Thompson, 271 Ala. 18, 122 So.2d 277; Johnson v. Sexton [277 Ala. 627, 173 So.2d 790], supra." Lewis v. Zell, 279 Ala. 33, 181 So.2d 101.
In order to constitute wantonness, a failure to act must be accompanied by knowledge that someone is probably imperilled, and the failure to act must be in reckless disregard of the consequences. Thompson v. White, 274 Ala. 413, 149 So.2d 797
(1963); Crocker v. Lee, 261 Ala. 439, 74 So.2d 429 (1954). The most crucial element of wantonness is knowledge, and that element need not be shown by direct evidence; rather, it may be made to appear by showing circumstances from which the fact of knowledge is a legitimate inference. Kilcrease v. Harris,288 Ala. 245, 259 So.2d 797 (1972); Blount Brothers ConstructionCo. v. Rose, 274 Ala. 429, 149 So.2d 821 (1962). With respect to a directed verdict, if a legitimate inference furnishes a scintilla of evidence in support of the theory of the complaint, then the question must go to the jury. Kilcrease v.Harris, supra.
Plaintiff contends that because he and his wife noticed a vibration in the deck, a reasonable inference can be drawn that the defendants also noticed the vibration. Such an inference, although somewhat tenuous, is nevertheless reasonable and legitimate. However, to support the charge of wantonness, an inference must also be drawn that the defendants investigated the wobble and determined it to be the result of defective and dangerous construction and not merely a vibration incident to any elevated structure. Further, an inference must be drawn that the defendants had knowledge that such defective construction was likely to result in the collapse of the structure. In view of the uncontroverted evidence of the extensive, heavy, and uneventful use of the sundeck during the previous year and a half, we feel that these additional inferences exceed the bounds of reasonableness and legitimacy. The directed verdict was not in error.
Finally, we have considered plaintiff's other contentions on appeal and find no error in the trial court's judgment.
The judgment in this cause is therefore affirmed.
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, MADDOX and EMBRY, JJ., concur.