**Clifton BURLEY, Plaintiff-Appellee,**

v.

**BASTROP LOAN COMPANY, INC., Defendant-Appellant.**

**No. 76–1541.**

United States Court of Appeals, Fifth Circuit.

Feb. 26, 1979.

James A. Hobbs, West Monroe, La., for defendant-appellant.

David L. Campbell, Trevor G. Bryan, New Orleans, La., amicus curiae, for General Motors Acceptance Corp.

Donald Juneau, New Orleans, La., Kidd, Katz & Strickler, Monroe, La., Stephen J. Katz, Bastrop, La., for plaintiff-appellee.

Before THORNBERRY, GODBOLD and HILL, Circuit Judges.

PER CURIAM:

This is a case arising under the Truth-in-Lending Act, 15 U.S.C. § 1601 *et seq.*, and Regulation Z, 12 C.F.R., Part 226. The district court granted plaintiff's motion for summary judgment on the ground that the Loan Company's failures to disclose the acceleration clause on the face of its promissory note and to disclose the rebate policy upon acceleration were violations of 15 U.S.C. § 1639(a)(7) and 12 C.F.R. § 226.-8(b)(4). *Burley v. Bastrop Loan Co.*, 407 F.Supp. 773 (W.D.La.1976).

After the district court's opinion, this court decided *Martin v. Commercial Securities Co.*, 539 F.2d 521 (5 Cir. 1976). In *Martin* we rejected the contentions that failure either to disclose an acceleration clause or the lender's concomitant rebate policy could give rise to a statutory viola-

tion.[1]  Following *Martin*[2] we reverse the summary judgment and remand to the district court for further proceedings.[3]

REVERSED AND REMANDED.

Richard BROWN et al., Plaintiffs,

v.

NEW ORLEANS CLERKS AND CHECKERS UNION LOCAL NO. 1497 I.L.A. and New Orleans Steamship Association, Defendants-Appellants,

v.

Charles E. NEWMAN et al., Intervenors-Appellees.

Charles JETT et al., Plaintiffs,

v.

NEW ORLEANS STEAMSHIP ASSOCIATION, LOCAL NO. 1497, New Orleans Clerks and Checkers, I.L.A., et al., Defendants-Appellants,

1.  Appellee seeks to distinguish *Martin* on several grounds.  First, he contends that the method of rebate employed in this case—the Rule of 78's—is inaccurate and allows the creditor to retain *unearned* interest.  Appellee contends that this retention of unearned charges must be disclosed.  *Martin* has been construed, however, to encompass this distinction.  *See McDaniel v. Fulton National Bank,* 571 F.2d 948 (5 Cir.) (en banc), petition for rehearing en banc, 576 F.2d 1156 (5 Cir. 1978).  Second, appellee contends that failure to disclose an acceleration clause violates 12 C.F.R. § 226.-8(b)(7) (disclosure of method of rebate upon prepayment).  *Martin,* however, effectively rejected this argument.  539 F.2d at 528–29.

The district court briefly posited, as an alternative basis for his decision, the notion that "meaningful disclosure" under the Act required disclosure of the right and consequences of acceleration.  The *per se* rule of *Martin,* however, cannot be effectively vitiated by applying the inchoate principle of meaningful disclosure.

2.  In *McDaniel v. Fulton National Bank,* 571 F.2d 948 (5 Cir.) (en banc), on petition for rehearing en banc, 576 F.2d 1156 (5 Cir. 1978), the en banc court, overruling *Martin* in part, held that disclosure of rebate provisions on acceleration is necessary when the creditor does not rebate unearned finance charges in accordance with disclosed provisions for rebate upon prepayment.  This ruling, however, was made prospective from the date of decision plus 90 days, applying to obligations incurred or renewed after that date.  571 F.2d at 951.  Even if *McDaniel* applied, the result in this case would be the same since the prepayment rebate policy was disclosed and is applied in the event of acceleration.

The Eighth and Ninth Circuits have rejected the contention that the Rule of 78's results in retention of unearned interest upon prepayment.  *Gantt v. Commonwealth Loan Co.,* 573 F.2d 520 (8 Cir. 1978);  *Bone v. Hibernia Bank,* 493 F.2d 135 (9 Cir. 1974).  Since *Martin* controls in this case, we need not decide if the Rule results in retention of unearned interest upon acceleration.

3.  Appellee is not required to cross-appeal in order to urge before this court a theory in support of the district court's decision, *see Matter of Henderson,* 577 F.2d 997, 1002 n.5 (5 Cir. 1978);  *Lowe v. Pate Stevedoring Co.,* 558 F.2d 769, 770–71 n.2 (5 Cir. 1977);  *Spurlin v. General Motors Corp.,* 531 F.2d 279 (5 Cir. 1976), and he asserts that we should affirm on the basis of other purported violations appearing in the record.  We decline to do so for several reasons.

First, appellee tenders as evidence a deposition taken after oral argument in this case.  The court of appeals, however, is an inappropriate forum for the initial submission of evidence and we suggest that such evidence properly should be submitted to the district court.  Second, appellee asserts that in the record made in the district court defendant admitted in answer to an interrogatory that the annual percentage rate was *overstated* in the disclosure statement.  On the limited record relating to this particular violation, however, we decline to grant a summary judgment.