HUBERT TAYLOR, Judge.
Appellant was convicted of theft in the first degree and sentenced to ten years and a day.
The issue raised on appeal is whether the court committed error by allowing the State to alter a diagram that, although not introduced into evidence, had been used to illustrate the testimony of prior witnesses. The State made use of a blackboard during its case in chief to illustrate testimony concerning the relative positions of roads and buildings. The drawing was not purported to be to scale and no distances were indicated. The State’s third witness indicated that a building was closer to a road than it appeared to be on the drawing. The State then moved the relative position of the building on the blackboard diagram. Appellant objected.
Although this issue has not been addressed by our courts in a direct manner, the case of Crocker v. Lee, 261 Ala. 439, 74 So.2d 429 (1954), provides a useful insight. There the court said:
“The use of a map, drawing, or plat for purposes of illustration must be distinguished from its admission in evidence. In the latter case the instrument possesses within itself evidential characteristics tending to estáblish a particular fact. In the former case the testimony of the witness is the evidence and the map or diagram is merely an aid to its understanding. [Citations omitted.] It may be noted that some Alabama decisions have seemingly failed to utilize such a distinction. ... Concededly, a witness’s statement ‘here’ or ‘there’ plus a nonarticulat-ed indication of a point on a map or diagram, may be of such significance to determine the verdict of the jury, but to the reviewing court such words are utterly devoid of meaning. This type of situation may result even when the map is included in the record.... But when the testimony becomes so entwined with the illustration that a reference to the latter is necessary to understand the former, it is also the duty of the court on proper objection or motion to preserve the right of a party to an adequate record for appellate review.”
In the case sub judice, the testimony of the State’s first two witnesses was of such a nature that it could not be understood without the use of the diagram. The nature and character of the frequent use of the first diagram compelled its introduction into evidence, although never formally offered. Payne v. Jones, 284 Ala. 196, 224 So.2d 230 (1969).
It is our opinion that once a diagram has been heavily relied upon and is necessary for an understanding of prior testimony, it should not be altered. However, when a diagram is drawn by freehand in the presence of the jury, with instructions that the drawing is not meant to be an exact representation, or if that fact can be easily ascertained by common observation, it will not be considered error to alter the diagram.
In the present case, the relative locations of various buildings and roads were important elements of the trial. If the drawings had been of such a type that the jury was likely to afford them great verity, their alteration might have been reversible error. Since the drawings were made in the presence of the jury, they knew the circumstances of their making and could give them such verity as they deserved. The alteration of the drawings, therefore, would not be error.
Appellant’s other issues do not merit consideration.
The judgment of the lower court is due to be affirmed.
AFFIRMED.
BOWEN, P.J., and TYSON and HARRIS, JJ., concur.
SAM W. TAYLOR, J., concurs in result only.